[274]   *SAMUEL MOWRY, RESPONDENT, *v.* STEPHEN STARBUCK, APPELLANT.

STATUTORY CONSTRUCTION — RETURN OF JURY BY SHERIFF.—The time provided by the statute in which a jury shall be returned by the Sheriff, is directory, and not mandatory.

[1] Cited in *Foote* v. *Richmond*, 42 Cal. 442.  See *Priest* v. *N. C. Co.*, 6 Cal. 170; *Lisman* v. *Early*, 15 Cal. 199.  See 9 Nev. 94.

TRIAL—ADMISSION OF EVIDENCE.—It rests in the discretion of the Court to allow further evidence to be introduced after the testimony is closed.

EVIDENCE OF CHANGE OF CONTRACT.—In a suit brought on *quantum meruit,* for work and labor, testimony is admissible to prove that the original contract has been changed at the request of the defendants, and the value of the extra work performed.

APPEAL from the Fifth Judicial District.

This was an action for labor performed, laying brick for the walls of a building in the City of Stockton. The complaint stated there had been a contract, by which it was specified that the walls were to be twenty inches thick above the foundations, and that the price per thousand for laying, was to be nine dollars for the common bricks, and thirty-five dollars for the pressed bricks.

The complaint alleged that the contract had been changed by the defendant, who directed him to build the walls above the foundations sixteen inches thick, and thereby made necessary and proper the items of charge set forth; all of which were alleged to be reasonable and proper.

The defendant answered, set up the special contract, and denied its change by his knowledge or consent.

At the trial, and before the jury was sworn, the defendant objected to the panel, as being formed contrary to the statute. The Court overruled the objection, and the defendant excepted.

The plaintiff proved that he had been directed by the defendant to build the walls sixteen inches thick, instead of twenty inches thick, above the foundations.

The jury rendered a verdict for the plaintiff for $2,050, whereupon the defendant moved for a new trial, on the following grounds:

1st. The formation of the jury in a manner different from that prescribed by the statute.

*2d. Because, after the testimony was closed on     [275] the part of the defendant, the Court permitted the plaintiff to introduce testimony to prove that it was worth more per thousand to lay up walls sixteen inches thick than to lay them up twenty inches thick.

3d. Because the Court allowed the plaintiff's counsel, in opposition to the defendant's objection, to read, in arguing to the jury, and comment upon a paper which had not been offered in evidence, and purported to be a notice to the defendant from the plaintiff, that the plaintiff would be pleased to be present at the measurement and estimate of the bricks used in the building.

The Court overruled the motion for a new trial, and entered judgment on the verdict, and defendant appealed.

*George J. Wheelan*, for Appellant.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The time provided by the statute in which a jury shall be returned by the Sheriff, is directory, and not mandatory.

It rests in the sound discretion of the Courts to allow further evidence to be introduced by either, or both parties, after the testimony has been closed. In this case, the suit having been brought on a *quantum meruit* for "work and labor," it was perfectly competent to admit testimony to prove that the original contract plan had been changed, at the request of the defendant, and also the price or value of the extra work performed. It was certainly error to allow the plaintiff to read from and comment upon a paper not in evidence; but, as we can see no possible harm arising from it to the defendants in this case, we will not disturb the verdict on so technical a ground.

Judgment affirmed, with costs.