[S. F. No. 18512. In Bank. Mar. 25, 1952.]

VALLEJO GANTNER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; NEILMA BAILLIEU GANTNER, Real Party in Interest.

Morris Lowenthal and Juliet Lowenthal for Petitioner.

Young, Rabinowitz & Chouteau and John E. Anderton for Real Party in Interest and Respondent.

TRAYNOR, J.—This action involves problems similar to those discussed in *Lerner* v. *Superior Court, ante,* p. 676 [242 P.2d 321].

In 1941 Vallejo Gantner, petitioner in this application for a writ of prohibition, and Neilma Gantner, real party in interest, were married in Australia. Thereafter they resided in this state where their two children were born. Following marital difficulties Neilma filed suit for divorce in San Francisco, and Vallejo cross-complained for divorce. Before the action came to trial, the court entered an order allowing Neilma to have custody of the children pending trial but restraining her from taking the children more than 50 miles from San Francisco without the written consent of Vallejo or an order of the court. On August 9, 1949, the trial court entered an interlocutory decree granting Neilma a divorce and granting joint legal custody to the parents. Neilma was granted physical custody and Vallejo rights of visitation. The decree vacated the 50-mile order but provided that neither parent should remove the children from California without approval of the court. The trial court denied Neilma's request that she be allowed to remove the children to Australia to reside there permanently with Neilma and her family, stating in a memorandum opinion: "The Court feels that it would be for the best interests and welfare of the children for them to be in their mother's physical custody, but to remain in California, to be raised in our American way of life. The Australian family of plaintiff [Neilma] can well afford to make numerous visits to California so as to give the children the benefit of their comfort and society if they so desire." The final decree, entered August 15, 1950, contained the same provisions as the interlocutory decree. No appeal was taken from either decree.

On March 1, 1951, Neilma served notice of a motion seeking an order from the trial court permitting her to take the children to Australia for a vacation trip during the children's summer recess from school. Court permission was necessary because the final divorce decree restrained both parents from taking the children from the state. Vallejo filed affidavits vigorously opposing this motion on the ground

that once the children reached Australia they would not be returned by Neilma and would be beyond the process of California courts. In addition to his opposition to, Neilma's motion, Vallejo, on April 17, 1951, filed a notice of motion requesting the trial court to modify the provisions of the final decree of divorce so as to award Vallejo physical custody of the children.

The two motions were heard together in a five-day trial before the same judge who heard the divorce proceedings. The matter was submitted. On June 5, 1951, before any decision had been entered by the trial court, Vallejo filed a petition seeking a writ of prohibition restraining the trial court from entering any order allowing Neilma to take the children to Australia, until such time as the order in the custody proceedings became final. The District Court of Appeal issued a temporary stay order on the same day. On June 6, 1951, the trial court denied the application of Vallejo for modification of the final divorce decree. Vallejo immediately appealed from the adverse decision and his appeal is presently pending before this court. In the same decision, on June 6, 1951, the trial court stated that it would be in the best interests of the children to travel with their mother to Australia, that the filing of a cash bond by the mother would be sufficient assurance that the removal would be only temporary, and that an order permitting the removal for the vacation would be entered whenever the appellate court discharged the stay order. On June 18, 1951, the District Court of Appeal issued an alternative writ of prohibition, which is still in force.

The Australian vacation order presents the same problem as the New Jersey removal order in *Lerner* v. *Superior Court, ante,* p. 676 [242 P.2d 321]. Neilma had custody of the children under a decree restraining her from removing the children from the state. ▮▮▮ An order allowing a "temporary" vacation trip to Australia would be a proceeding upon a matter embraced within the appeal from the order denying Vallejo's application for modification of the custody provisions of the final divorce decree. (Code Civ. Proc., § 946; *Lerner* v. *Superior Court, supra.*) Accordingly, the trial court lacks jurisdiction to enter the Australian vacation order during the pendency of the appeal.

Let the peremptory writ of prohibition issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.