[S. F. No. 18513. In Bank. Mar. 25, 1952.]

NEILMA BAILLIEU GANTNER, Petitioner, v. VALLEJO GANTNER, Respondent.

Young, Rabinowitz & Chouteau and John E. Anderton for Petitioner.

Morris Lowenthal and Juliet Lowenthal for Respondent.

TRAYNOR, J.—This action is a companion case to *Gantner* v. *Superior Court, ante,* p. 688 [242 P.2d 328]. The factual and procedural events leading to this proceeding

are described in that opinion. After we granted a hearing in the prohibition proceeding, Neilma filed a petition with this court, requesting that it issue an order, pending determination of Vallejo's appeal from the custody modification action, permitting Neilma to take the two minor children to visit her relatives in Australia, conditional upon such undertaking as might be required by the court.

In *Gantner* v. *Superior Court, supra,* we issued a peremptory writ of prohibition, on the ground that the appeal from the custody modification action deprived the trial court of jurisdiction to enter an order permitting Neilma to take the children out of this state.

The first question presented is whether this court has jurisdiction to enter the requested order. ▮ The effect of an appeal is to remove the subject matter of the appeal from the jurisdiction of the trial court. (Code Civ. Proc., § 946; *Lerner* v. *Superior Court, ante,* p. 676 [242 P.2d 321]; *Vosburg* v. *Vosburg,* 137 Cal. 493, 496 [70 P. 473].) ▮ At all times, however, the welfare of the child must be protected by court action. (Civ. Code, § 138.) In the exercise of its appellate jurisdiction, this court clearly has the power in custody matters ''to protect the subject matter of the order or judgment appealed from during the pendency of such appeal.'' (*In re Browning,* 108 Cal.App. 503, 508 [291 P. 650]; see *Kjellander* v. *Kjellander,* 90 Kan. 112 [132 P. 1170, Ann.Cas. 1915B 1246, 45 L.R.A.N.S. 943]; *Gotthelf* v. *Fickett,* 37 Ariz. 413 [294 P. 837]; *Casebolt* v. *Casebolt,* 170 Ky. 88 [185 S.W. 510]; cases collected in 163 A.L.R. 1319.) Accordingly, we have jurisdiction to entertain the present petition and to enter the requested order.

▮ The determinative question, therefore, is whether the requested order should be made. In support of her motion, Neilma has pointed out that circumstances might arise where the welfare of a child would require our action during the pendency of an appeal. For example, it might be necessary for a mother to remove her child from the state for an operation necessary to save the life of the child that could be performed only in another state or country.

Such extraordinary circumstances are not presented here. The affidavits in support of the motion and the allegations in the motion itself make it clear that the purpose of the Australian vacation trip is to visit the children's aged great-grandmother in Melbourne. Without a showing that serious

evils threaten the welfare of the children, the status quo at the time the appeal was taken will not be disturbed.

Neilma has requested costs and counsel fees incurred in this proceeding. As pointed out in *Lerner* v. *Superior Court, ante,* p. 676 [242 P.2d 321], the trial court has jurisdiction to award suit money in original proceedings in this court arising out of divorce actions in the trial court. The motion will be denied without prejudice to its renewal in the trial court.

The petition for an order permitting the minor children to leave the state temporarily pending appeal is denied. The motion for counsel fees and costs is denied without prejudice.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

The opinion was modified to read as above printed on April 18, 1952.