[Civ. No. 22009. Second Dist., Div. One. Jan. 29, 1957.]

ETHEL FAULKNER, Appellant, v. J. ROBERT FAULKNER, Respondent.

Edmund M. Bluth for Appellant.

LeSage & Bowman, Harry M. Bowman and Millikan & Montgomery for Respondent.

FOURT, J.—This is a matter involving a petition for and the granting of a writ of supersedeas. The petition before this court alleges, among other things, that the trial of the divorce case between the parties was heard in Department 19 of the superior court in Los Angeles, and a judgment was entered on June 25, 1956; that the petitioner has appealed from that part of the judgment which provides that the custody of three of the four children of the parties be awarded to J. Robert Faulkner, hereinafter referred to as the father; that the names and ages of the children awarded to the father are Dennis Stephen Faulkner, aged 13, Suzanne Roberta Faulkner, aged 4, and Bonnie Larisa Faulkner, aged 6; that custody of Verenna Louise Faulkner, aged

16, was awarded to the mother. Petitioner further quotes section 949a of the Code of Civil Procedure, and sets forth that unless the writ is granted she will lose custody of the three minor children to the father, pending her appeal from the judgment. Petitioner then sets forth that she has good cause for appeal "in that there was no finding of unfitness or incapability of Petitioner as a mother to care for . . . ," and that she made a motion in the trial court to set aside the submission and to reopen the case for further evidence and offered to present 15 affidavits of persons showing the fitness of petitioner to care for the three minor children awarded to the father, and that the motion was denied. Petitioner also quotes section 138 of the Civil Code. It is further stated in the petition that the findings of fact and conclusions of law contain no finding of unfitness of the mother, and that there was no evidence to indicate that she was unfit to care for the children; that for the petitioner to lose the custody of the three minor children during the appeal would allow a miscarriage of justice.

An answer was filed wherein it was alleged, among other things, that the order of custody made August 22, 1955, wherein the mother was awarded the custody of all of the children, was pendente lite only, and that in any event the parties hereto and all of the children resided together in the family home until May 18, 1956, the Friday before the start of the trial of the action, at which time the petitioner removed herself with Suzanne and Bonnie; that Dennis refused to leave with the petitioner and still refuses to live with her. It was denied that the petitioner has good cause for appeal on the grounds alleged, or upon any other grounds, and it was set forth that there was substantial evidence in support of the award to the father, and that the court found that the best interests of the three minor children would be served by awarding them to the father; that the motion to reopen was made in the trial court only after the trial judge had, on June 4, 1956, made, filed and served upon counsel its memorandum of decision announcing its decision concerning the custody of the children; that the affidavits attached to the motion to reopen were in large part the opinions or conclusions of the signers thereof or are hearsay. It was denied that the award is contrary to law, and further sets forth that to leave the three children with the mother during the long months of the appeal would not be to the best interests of the children and would be to their detriment; that in

the four months since the mother moved from the family home, in May, 1956, she has lived with Suzanne and Bonnie in three separate places; that the mother has continued, at times at least, to associate with the same person with whom the trial court found she was wrongfully associating. Further, as a second and separate defense, respondent alleges that the petition does not state facts sufficient to constitute grounds for the issuance of a writ of supersedeas.

An order to show cause why the writ of supersedeas should not issue was made by this court, and the matter was placed upon the calendar for hearing for October 2, 1956, and such hearing was held on October 4, 1956. On October 9, 1956, a writ of supersedeas was ordered wherein the superior court was restrained from enforcing the judgment entered on June 25, 1956, insofar as said judgment awarded custody of the three children to the defendant father until the final determination of the appeal, or until the further order of this court. A petition for a rehearing was filed and the same was denied, and a petition was thereupon made to the Supreme Court for a hearing, which petition was granted and the cause was then retransferred to this court for the filing of an opinion.

No petition or application was made by the petitioner herein for a stay in the superior court as is provided for in section 949a, Code of Civil Procedure. It was appropriately stated in *Nuckolls* v. *Bank of Calif.*, 7 Cal.2d 574, at page 577 [61 P.2d 927] : "Not only does the petition fail to allege that such an application was made to the trial court, but on the oral argument it was admitted that no such application had been made. Inasmuch as the legislature has provided a method by which the trial court, in a proper case, may grant the stay, the appellate courts, assuming that they have the power, should not, except in some unusual emergency, exercise their power until the petitioner has first presented the matter to the trial court."

It is obvious that the Legislature, in adopting section 949a, Code of Civil Procedure, in 1955, had in mind to correct an evil which had existed for some time. The "Third Progress Report of the Legislature by the Senate Interim Judiciary Committee," 1955, pages 34-35, sets forth, among other things, the following :

"(42) Minors—Orders Awarding or Affecting Custody— Permission to Leave Jurisdiction—Effect of Appeal. Under present law, and by force of general statutory provisions,

an appeal from an order awarding custody of a minor child automatically stays further proceedings in the trial court. (§§ 946 and 949, C.C.P.; *In re Barr,* 39 Cal.2d 25 [243 P.2d 787]; *Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321]; *Gantner* v. *Gantner,* 38 Cal.2d 691 [242 P.2d 329].)

"This statutory rule has been substantially criticized. Thus, if there is a modification of a custody order previously entered, the very reason for the modification in nearly every case will be that the trial judge has determined that the welfare of the child demands a change. Yet the mere perfecting of an appeal by the losing party will delay execution of the order, sometimes for very substantial periods. As a result the child is subjected to a continuance of the same conditions which brought about the change order. The rule is conducive to appeals for considerations other than those relating strictly to the merits of the appeal.

"In actions for divorce and separate maintenance, the statutes expressly empower the court to make, vacate and modify orders for custody, guided by what appears to be for the best interests of the child (Civ. Code, § 138.) However, this discretionary authority comes to an abrupt end, under present law, upon an appeal being taken.

"During the period of the appeal, the appellate court has power to transfer custody pending the appeal. The power, it is believed, is not one that in the nature of things can be expected to be exercised with frequency or in any but extreme cases, under the present legislative mandate.

"The solution which has been suggested in some earlier decisions, that of making the child a ward of the juvenile court pending the appeal, does not appear practical nor in the interests of the child.

"While the trial court's findings and order may upon occasion be erroneous, and a reversal therefore required, in the vast majority of cases, it is believed, the converse is true.

"Assembly Bill 1617 in proposed Section 949a in effect gives presumptive validity to the order of the trial court, so far as immediate execution of the custody order is concerned. The burden is placed upon the appellant for this limited purpose.

"The section proposed, however, provides that the trial court, in its discretion may stay execution. Moreover, the appellate court's power to issue an appropriate writ or order (including an injunction) is expressly recognized.

"The proposed new section also deals specifically with

provisions of an order or judgment permitting the child to be removed from the jurisdiction. These would be stayed for a period of 30 days by operation of law. Likewise this matter is subject to power of the appellate court to act in aid of its jurisdiction. When an appeal has been taken or is to be taken, removal from the jurisdiction seriously affects both the appellate court's jurisdiction and the right of appeal. (See e.g., *Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321]; *Gantner* v. *Superior Court,* 38 Cal.2d 688 [242 P.2d 328].)

"It is expressly to be noted that the new section is not limited to custody orders in domestic relations cases but would apply 'in any civil action, action filed under the Juvenile Court Law, or special proceeding.' " (Also see State Bar Jl., vol. 29, p. 225 [1954].)

██ Appellate courts should not nullify the plain statutory purpose by issuing a writ of supersedeas. (*Private Investors, Inc.* v. *Homestake Min. Co.,* 11 Cal.App.2d 488, 491-492 [54 P.2d 535]; *United States of America* v. *Berg,* 202 Cal. 10, 14-15 [258 P. 942].)

Furthermore, the error claimed by the petitioner, insofar as her petition is concerned, which, including the affidavits, is all we are entitled to act upon, indicates that her claim of error is based upon "no finding of unfitness or incapability of Petitioner as a mother" having been made by the trial judge. ██ It is well settled that the court does not need to find one parent unfit before it can award a child to the other parent. The trial judge shall determine, after considering the evidence, how the best interests of the child shall be subserved. (*Taber* v. *Taber,* 209 Cal. 755, 756 [290 P. 36]; *Matter of Cozza,* 163 Cal. 514 [126 P. 161, Ann.Cas. 1914A 214]; *Lampson* v. *Lampson,* 171 Cal. 332 [153 P. 238]; *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719]; *Davis* v. *Davis,* 41 Cal.2d 563, 565 [261 P.2d 729]; *Holsinger* v. *Holsinger,* 44 Cal.2d 132, 135 [279 P.2d 961].)

██ Petitioner contends that under the provisions of section 138 of the Civil Code she is entitled to custody of the children. Suffice it to say in answer to that contention that the court has broad discretion in determining whether "other things are equal," and in the absence of some abuse of that discretion the trial judge's determination should not be set aside. (*Frazier* v. *Frazier,* 115 Cal.App.2d 551, 557 [252 P.2d 693]; *Munson* v. *Munson,* 27 Cal.2d 659, 666 [166 P.2d 268]; *Holsinger* v. *Holsinger, supra.*)

It is apparent, therefore, that under the proceedings as they presently appear before us, that probable error has not been made to appear. ■ In *Nuckolls* v. *Bank of Calif., supra,* at page 578, it was said:

"In the second place, probable error has not been made to appear. From the rather incomplete and unsatisfactory showing, it appears that there were at least two grounds for the trial court's judgment, either of which would be sufficient to sustain it. We cannot presume error. This court must consider the rights of respondents as well as of those of appellants. Affirmances must be contemplated as well as reversals; in fact, until the contrary is shown, the presumption is in favor of the lower court's decision. ■ A *supersedeas* is issued usually to protect the appellate court's jurisdiction. If a stay can be granted only at the risk of destroying rights which would belong to the respondent if the judgment is affirmed, it cannot be said to be necessary or proper to the complete exercise of appellate jurisdiction. (*Hulbert* v. *California Portland Cement Co.,* 161 Cal. 239 [118 P. 928, 38 L.R.A.N.S. 436]; 2 Cal.Jur. 465, § 217.)"

■ A point is made by the petitioner that she was not permitted to reopen the case in the trial court and present the evidence of neighbors and others as to her fitness and the father's unfitness, and as to what would be to the best interests of the children. Certainly it appears to us that it would have been better practice, and certainly more in the interests of the welfare of the children, for the court to have reopened the case for the purpose of hearing the additional testimony—in other words, the court should have been interested in getting all of the information and testimony possible bearing upon what was for the best interests of the children, assuming, of course, that the testimony to be introduced was not merely cumulative. However, in this instance, the court saw fit not to hear the additional evidence, and under the circumstances, we do not believe that it was such an abuse of discretion as to, in and of itself, warrant the issuance of a writ. ■ "The granting or denial of such a motion is largely within the discretion of the trial court. *Mowry* v. *Starbuck,* 4 Cal. 274." (*San Mateo P.M. Co* v. *Davenport R. Co.,* 218 Cal. 702, 712-713 [24 P.2d 787].)

In our opinion, where the Legislature has not made provision for a stay by an undertaking or by appeal, a stronger showing must be made by petitioner to obtain the extraordi-

nary writ of supersedeas, than has been made in this case.

Lastly, rule 56 (a) (1), Rules on Appeal, provides as follows:

"If the petition might lawfully have been made to a lower court in the first instance, it shall set forth the circumstances which, in the opinion of the petitioner, render it proper that the writ should issue originally from the reviewing court; . . ."

Nothing whatsoever is mentioned by the petitioner about why the petition was not presented to the trial court in the first instance.

The writ of supersedeas heretofore issued is vacated and discharged, and the petition is denied.

White, P. J., and Doran, J., concurred.