[Civ. No. 24049.   Second Dist., Div. One.   Oct. 2, 1959.]

HELEN A. HARRIS, Appellant, v. E. KENNETH HARRIS,
Respondent.

Daniel G. Marshall for Petitioner.

Paul Caruso and John Onesian for Respondent.

SHEA, J. pro tem.*—Petition for writ of supersedeas and for a temporary stay pending decision on the petition.   The temporary stay was granted and the respondent was ordered to show cause why the writ should not issue.

Petitioner contends that there was probable error and manifest abuse of discretion in the trial court at a hearing *in re* modification of an order pertaining to the custody of minor children.

Appellant-petitioner is the mother, and respondent is the father.   They will be so designated in this opinion.

The parties were married.   They have five children of ages 8 years to 3 years.   In a divorce action in Marin County the mother was granted an interlocutory decree on December

*Assigned by Chairman of Judicial Council.

13, 1956. This decree granted joint custody but awarded "physical care, custody and control" to the mother.

On April 12, 1957, the interlocutory decree was modified. The modification changed a restraining order, which restrained the mother from removing the children from the "San Francisco Bay area for more than a period of 30 days," to an order restraining the mother from removing the children from the "State of California." All other orders contained in the interlocutory decree remained in effect.

On December 18, 1958, a final decree was entered. This decree "made binding" the existing custody and support orders.

On motion of the father the case was duly transferred to the Los Angeles Superior Court in May, 1959, the mother having moved with the children to Los Angeles County in the interim. Thereafter, an order to show cause was issued to modify the existing orders by changing the physical custody and care of the children from the mother to the father.

The order to show cause was tried for five days ending June 24, 1959. The trial court ordered that the custody be changed to the father.

On July 22, 1959, findings of fact were signed by the trial court finding in substance as follows: that the wife refused to permit the children to acknowledge the husband as their father; that she attempted to make the children dislike the father; that she maintained a residence unsuitable for the children; that she neglected to provide adequate food for them; that she frequently left them alone and unattended; that she had been hospitalized for taking an overdose of barbiturates; and that on one occasion she had expressed an intent to take her own life. The court further found that the father is a fit and proper person; that he can properly provide for the children; and that for the best interest and welfare of the children the custody should be placed in him.

On July 23, 1959, the trial judge signed an order awarding custody to the father with specified visitation rights to the mother. The order also included certain provisions for support which are not material here.

On the same day the mother filed notice of appeal from all but one portion of the order and moved the trial court for a stay of execution pending appeal. The motion for stay was granted until July 31, 1959, only.

On July 28, 1959, the petition for writ of supersedeas was filed in this court and on July 29, 1959, this court stayed

proceedings in the trial court and ordered the father to show cause why the writ should not issue. A verified response was filed by the father and the matter was argued and submitted for decision.

The law applicable to this proceeding is amply set forth in the cases relied upon by the mother in her petition.[1]

She asserts as probable error that the trial court refused to limit the evidence to the period after the entry of the interlocutory decree, and, over objection, admitted evidence of matters prior to said date. If this be so, the record before us at this time does not disclose it. It will be necessary for us to examine the entire record at the time that the appeal is heard on its merits to determine if this assertion is correct.

She further asserts that there was a manifest abuse of discretion in the orders of the trial court made on July 22 [sic] 1959, and July 27, 1959, for the reason that there was no substantial evidence to support them.

It is admitted that at the time of the interlocutory decree the mother received $50,000 in cash and that the father has paid $600 per month for the support of the children since prior to that time.

The affidavit of counsel for respondent sets forth a detailed summary of the testimony of the witnesses at the hearing on the order to show cause. The witnesses included the mother's landlord and his wife, a motel clerk, four police officers and a neighbor. The gist of their testimony is to the effect that the residence in which the mother and children are living is small and inadequate for the family; that for some time it was without electric lighting and without a properly functioning toilet; that the premises were filthy and unsanitary; that the children were left alone and without supervision; and that they were not properly fed and clothed.

The verified petition recites the difficulties encountered by the mother, the loss of her home and her money, and her difficulty in maintaining the family on the money provided by the father. While the plight of the mother evokes the sympathy of this court it does not demonstrate that the trial court abused its discretion.

It appears that there was substantial evidence to support

[1] *Faulkner* v. *Faulkner*, 148 Cal.App.2d 102 [306 P.2d 585]; *Saltonstall* v. *Saltonstall*, 148 Cal.App.2d 109 [306 P.2d 492]; *Rude* v. *Rude*, 148 Cal.App.2d 793 [307 P.2d 679.].

the order of the trial court. The stay heretofore granted by this court is vacated and the writ of supersedeas is denied.

Fourt, Acting P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1959.