[Civ. No. 24125.   Second Dist., Div. One.   Oct. 16, 1959.]

MASAKO GOTO, Respondent, v. JAMES GOTO, Appellant.

William H. Neblett for Appellant.

Hahn, Ross & Saunders for Respondent.

FOURT, Acting P. J.—The appellant has petitioned this court for a writ of supersedeas and for a temporary stay pending the granting or denial of the writ.

An interlocutory decree of divorce was granted the plaintiff and ultimately a final decree of divorce was entered (April 19, 1956.) Each of the parties to the action has since remarried and the primary question now is which of the parties shall have the custody of Hans Goto, one of the children of the parties hereto.

At the time of the interlocutory judgment the custody of the girl and Hans (the boy in question, who is now about 9 years of age), was awarded to the mother, the father to have certain visitation rights. The final decree carried over the provisions of the interlocutory decree, with reference to the custody of the children.

In September, 1956, the father instigated a proceeding to secure the custody of the children. The matter was referred to a commissioner and then continued to January 16, 1957. On January 17, 1957, the court ordered that the custody of the children remain with the plaintiff mother until the end of the school term in June and that there be a further hearing

with reference to the custody of the children prior to the following September.

On August 29, 1957, the defendant father was awarded the custody of both children with the plaintiff mother to have their physical custody during July and August of each year. The mother appealed from the order awarding the children to the defendant father. The order was affirmed in *Goto* v. *Goto,* 52 Cal.2d 118 [338 P.2d 450] (May 8, 1959).

On May 26, 1959, the defendant father sought to modify the order of August 29, 1957, among other matters by cancelling the provisions thereof to the effect that the plaintiff mother have physical custody of the children during July and August of each year.

On June 23, 1959, the plaintiff mother sought to have modified the order theretofore made (on August 29, 1957) to the end that she be given the custody of the boy, Hans, with the defendant permitted to visit him, and further that she, the plaintiff, be permitted to visit the girl in defendant's custody.

The petitions of both husband and wife were heard on July 2 and 3, 1959. The court thereafter in a signed order directed that Hans be awarded to the plaintiff mother during the school year, commencing one week prior to the first day of school in September, 1959, and that the father have the boy during the summer school vacations and on certain specified holidays.

The defendant has appealed and seeks a writ of supersedeas with which we are now concerned.

The evidence taken at the hearing was conflicting. There was testimony to the effect that the mother now has a fine home near Watsonville, California; that there is a good school close by and further that the boy will have proper parental care and guidance and will be reared in a wholesome atmosphere. The mother works part-time in her profession as a doctor of medicine but not to an extent which would withhold any care and attention which would be required and proper for Hans. It was also brought out in the testimony that the father of Hans has heretofore made it extremely difficult for the mother to visit with the boy during the times when the father has had the custody of the boy. The father failed ·to keep the children together as contemplated when he had their custody. The boy has lived with the defendant's sister in another community. The judge concluded in effect that under the circumstances it was not necessary that the children be kept

together and that the boy needed his mother more than he needed anyone else. The judge talked to the boy in chambers out of the presence of the parties pursuant to a stipulation of the parties.

■ It was appropriately said in *Washburn* v. *Washburn,* 49 Cal.App.2d 581 at 588 [122 P.2d 96] :

"Generally speaking, there may be no change in the custody provisions of a decree unless the material facts and circumstances occurring subsequently are of a kind to render it essential or expedient for the welfare of the child that there be a change. While each case must be solved on its own facts, there are, of course, elemental factors common to all cases that must not be overlooked.

■ "It is not open to question, and indeed it is universally recognized, that the mother is the natural custodian of her young. This view proceeds on the well known fact that there is no satisfactory substitute for a mother's love. So true is this that in this state the code exacts that she shall have custody of her child, everything else being equal, unless the child has reached the age which necessitates a particular education or preparation for its life work. (Civ. Code, § 138.)" (See also *Bemis* v. *Bemis,* 89 Cal.App.2d 80 [200 P.2d 84].)

■ The mother has never been found to be unfit to have the custody of either of the children. We see no reason whatsoever for the granting of the writ in this case. To do so will in effect take from the plaintiff mother the benefits of the order of the court which was made after a full and complete hearing and due deliberation. (*Faulkner* v. *Faulkner,* 148 Cal.App.2d 102 [306 P.2d 585].)

There is no showing that the trial court abused its discretion. There was a substantial showing of a change in circumstances of the parties and the children. ■ It was appropriately said in *Goto* v. *Goto, supra,* 52 Cal.2d 118 at pages 122-123 :

"A showing of changed circumstances is required to support an order changing custody. (*Holsinger* v. *Holsinger,* 44 Cal.2d 132 [279 P.2d 961] ; *Davis* v. *Davis,* 41 Cal.2d 563 [261 P.2d 729] ; 2 Armstrong, Family Law, 973ff.) ■ The determination of what is best for the children lies in the first instance in the discretion of the court and upon review, that determination will not be set aside without a showing of an abuse of discretion. 'It is the settled rule that, in determining

464

who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal.' (*Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].)

██ "This court has declared the so-called 'changed circumstance' rule to be subject to exceptions where the welfare of the child requires it. 'We do not wish to be understood as holding that "the change of circumstance" rule is an absolutely iron-clad rule and that there can be no possible exception to it. It is perhaps possible to conceive of a case in which, despite the fact that there was apparently no change of circumstances, nevertheless, the welfare of the child might require that the previous order of custody be changed. . . .' (*Foster* v. *Foster*, 8 Cal.2d 719, 728 [68 P.2d 719].)

"Section 138 of the Civil Code relied upon by the plaintiff provides: 'In awarding the custody the court is to be guided by the following considerations: (1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question; (2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father.'

██ As stated in *Fine* v. *Denny*, 111 Cal.App.2d 402, 403 [244 P.2d 983], 'In the application of this statutory provision the court has a wide discretion and in determining whether other things are equal the primary consideration is what will promote the best interests of the child.' "

In view of the inferences which might be drawn from the evidence in this case, the claims of the mother are entirely proper and it was within the discretion of the trial court to change the custody of the boy to the plaintiff.

██ This court should not nullify the plain statutory purpose of the provisions of section 949a Code of Civil Procedure by issuing a writ of supersedeas as herein proposed. (*Faulkner* v. *Faulkner*, 148 Cal.App.2d 102, 107 [306 P.2d 585].)

██ We cannot presume error. In fact the presumption is in favor of the decision of the trial court. (*Saltonstall* v. *Saltonstall*, 148 Cal.App.2d 109 [306 P.2d 492].)

We think from the record which is now before us that the trial court was entirely proper under the circumstances in this case in making the order in question. There was no abuse of discretion. We are not here and now concerned with what the ultimate decision will be in this case.

The order heretofore made by this court restraining the plaintiff from enforcing the order of the superior court made on July 14, 1959, awarding her the custody of Hans Goto is now dissolved.

The petition for a writ of supersedeas is denied.

Lillie, J., and Shea, J. pro tem.,* concurred.

A petition for a rehearing was denied November 12, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 15, 1959. Schauer, J., Peters, J., and White, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.