[Civ. No. 28592. Second Dist., Div. Two. Nov. 10, 1964.]

JOSEPH J. MANCINI, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BERNICE A. MANCINI, Real Party in Interest.

548

Nicholas Ferrara for Petitioner.

No appearance for Respondent.

Brock & Shapero and Edwin S. Saul for Real Party in Interest.

ROTH, P. J.—This is a proceeding in mandate to vacate an order of the superior court which order modified the custody provisions of an interlocutory decree from which an appeal had been theretofore perfected. This appeal therefore directly raises the question whether a trial court under Code of Civil Procedure, section 949a enacted in 1955 and amended in 1957, has the power to modify the custody provisions of an interlocutory decree or any appealable order during the pendency of an appeal.

On February 20, 1964, an interlocutory decree of divorce was entered awarding Bernice Mancini a divorce from petitioner. The decree provided in part that "[n]either party shall have the custody of the minor child JOHN JOSEPH MANCINI . . . .

"The minor child of the parties shall be enrolled in St. Catherine's Military Academy . . . and said minor child reside at said military academy in a boarding status.

"Visitation with said child shall be alternated between the respective parties and in each case said visitation shall be exercised in strict conformity with the visitation rules of said school.

"Each party shall pay to St. Catherine's Military Academy one-half of all the necessary sums for tuition, books, board, uniform and costs at said military academy for said minor child to commence upon the date of the enrollment of the said minor child . . . ."

On March 17, 1964, Bernice filed a notice of appeal from the interlocutory decree.

Bernice in her answer to the petition alleges, that subsequent to the interlocutory decree the school refused to keep the boy (who passed his 14th birthday on May 22) because petitioner failed to pay anything toward his tuition; and that as a result the boy has resumed residence with his mother. These allegations are not denied. Because of the boy's residence with Bernice, petitioner filed an order to show cause *re* contempt.

On June 30, 1964, Bernice filed a motion to modify the interlocutory decree (from which, as heretofore stated, she has perfected an appeal) to obtain custody of the boy because of the failure of petitioner to make payments as required by the interlocutory decree, based upon section 949a of the Code of Civil Procedure, which appears to give a trial court power to modify its orders in respect of custody pending appeal. This motion was calendared to be heard before

Judge Pfaff on July 9, 1964. Petitioner objected to the hearing of the motion on the ground that the court had no such power.

On July 15, petitioner moved to dismiss the motion to modify and filed a motion to disqualify Judge Pfaff under Code of Civil Procedure, section 170.6. Both motions were denied.

On August 21, 1964, as a culmination of proceedings herein outlined, the trial court in spite of Bernice's appeal, and in the face of aggressive opposition of petitioner, heard the testimony of the parents and the probation officer and made its order modifying the interlocutory decree awarding custody of the minor child to Bernice. Petitioner in this proceeding challenges the power of the court to make the modification.

We granted an alternative writ to consider the matter since the question here raised is one of first impression.

■ Prior to 1955 it was the accepted law of this state that an appeal from a child custody order stayed execution on the order until determination of the appeal. (Code Civ. Proc., § 946, Stats. 1939, ch. 88, p. 1054, § 1, before its amendment in 1955.) (*Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321]; *Gantner* v. *Gantner,* 38 Cal.2d 691 [242 P.2d 329]; *In re Barr,* 39 Cal.2d 25 [243 P.2d 787]. In *Lerner, supra,* at page 680, the court said: " 'An appeal from a judgment or order would be futile, and this court would be deprived of jurisdiction if pending the appeal the judgment or order appealed from could be modified or changed into something radically different by a subsequent order of the trial court. . . . The loss of jurisdiction is so complete that even the consent of the parties is ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal. [Citation.] ''

Emergency situations in respect of a child's welfare could be and were cured only by the appellate courts. Thus, in *Gantner, supra,* which presented a fact situation similar to *Lerner,* it was held that the appellate court in the exercise of its appellate jurisdiction ''clearly has the power in custody matters 'to protect the subject matter of the order or judgment appealed from during the pendency of such appeal' '' and that in a proper case the court had the power to make a custody order pending appeal. (*Gantner* v. *Gantner, supra,* at p. 692.)

■ It is bromidic, of course, to state that absent an ap-

peal from a custody order the trial court had and still has the power to modify or vacate a prior custody order, guided, at all times, by the best interests of the child. (Civ. Code, § 138.)

In 1955, the Legislature amended Code of Civil Procedure, section 946, and enacted section 949a (amended in 1957). Section 949a provides: ''An appeal does not stay proceedings as to those provisions of an order or judgment which award, change or otherwise affect the custody, including the right of visitation, of a minor child in any civil action, action filed under the Juvenile Court Law, or special proceeding nor the provisions of an order or judgment for the temporary exclusion of a party from a family dwelling or the dwelling of the other, as provided in section 157 of the Civil Code; provided, the trial court may, in its discretion, stay execution of such provisions pending review on appeal or for such other period or periods as to it may appear appropriate; provided further, that in the absence of a writ or order of an appellate court providing otherwise, the provisions of such an order or judgment allowing, or eliminating restrictions against, removal of the minor child from the State are stayed by operation of law for a period of 30 days from entry of the order or judgment and are subject to any further stays ordered by the trial court, as herein provided. The appellate court shall have the power to issue a writ of supersedeas, injunction, or other appropriate writ or order in such proceedings as may be proper in aid of its jurisdiction.''

It is clear from section 949a and the cases which have construed it that orders affecting ''. . . custody, including the right of visitation . . .'' are no longer stayed by the filing of an appeal.

The only automatic stay in respect of custody orders is that fixed by the language of the statute itself wherein it provides ''. . . removal of the minor child from the State [is] stayed by operation of law for a period of 30 days from entry of the order or judgment and [is] subject to any further stays ordered by the trial court, as herein provided.'' This limited statutory stay is effective irrespective of appeal.

The language of the statute and the cases interpreting the statute make it clear that if a stay is desired, the power to grant it is with the trial court ''pending review on appeal or for such other period or periods as to it may appear appropriate . . . .'' (*Sanchez* v. *Sanchez,* 178 Cal.App.2d 810, 813 [3 Cal.Rptr. 501]; *Faulkner* v. *Faulkner,* 148 Cal.App.2d

102, 105 [306 P.2d 585]; *Saltonstall* v. *Saltonstall*, 148 Cal. App.2d 109 [306 P.2d 492].)

 It is equally clear from the language of the statute and from *Sanchez, Faulkner* and *Saltonstall*, that the appellate courts do not lose power to grant a stay. The last sentence of 949a specifically says: "The appellate court shall have the power to issue a writ of supersedeas, injunction, or other appropriate writ or order in such proceedings as may be proper in aid of its jurisdiction."

The statute and the cases construing it however indicate that although appellate courts have not lost jurisdiction, the procedure for a stay or a modification pending appeal is now different. Application for a stay should now, other than ". . . in some unusual emergency" (*Faulkner* v. *Faulkner, supra,* at p. 105), in the first instance be made to the trial court. If the trial court refuses to grant such an application, application is then made to an appellate tribunal. Heretofore such an application was addressed in the first instance to the discretion of an appellate court. Now, in our opinion the question before the appellate court on supersedeas is—did the trial court abuse its discretion in granting or refusing a stay? Thus, the court says in *Sanchez,* at page 813: "We do not in such instances of dual jurisdiction of courts of first impression and courts of review nullify the function of the court which sees the witnesses and takes the testimony. If we were to exercise an original discretion in such a case, we would not only unduly restrict the trial court's province but invite applications that should initially be presented there. (*Crater* v. *Crater* (1902) 135 Cal. 633, 635 [67 P. 1049]; *Faulkner* v. *Faulkner* (1957) 148 Cal.App.2d 102 [306 P.2d 585]; *Saltonstall* v. *Saltonstall, supra* (1957) 148 Cal.App.2d 109.)"

In *Faulkner, supra,* the court said at page 105: "No petition or application was made . . . for a stay in the superior court as is provided for in section 949a, Code of Civil Procedure. '. . . Inasmuch as the legislature has provided a method by which the trial court, . . . may grant the stay, the appellate courts, . . . should not, except in some unusual emergency, exercise their power until the petitioner has first presented the matter to the trial court.' "

In *Saltonstall, supra,* the court said at pages 114, 115: "We are of the opinion that the evidence which was before the trial court was not conclusive but that it was conflicting and the trial court exercised its discretion in changing the custody

as it did. . . . Furthermore, the petitioner in this instance requested the trial court for a stay of proceedings under the provisions of section 949a, Code of Civil Procedure, and upon a hearing being held the motion for the stay was denied. The ruling of the trial judge should not be disturbed unless it can be shown that there was an abuse of discretion.''

No reported case has, however, arisen prior to the case at bench in which the trial court has modified a custody order pending appeal. In every case in which the application of section 949a has arisen, the issue before the court has been the propriety of a writ of supersedeas to stay execution of a custody order pending appeal.

We believe the effect of section 949a was to vest the trial court with original jurisdiction and the appellate courts with appellate jurisdiction pending appeal, not only in respect of a stay, but also in respect of modification. The history of the legislation and the language of the cases already cited and others to be cited, lead us to this conclusion. (*Sanchez* v. *Sanchez,* 178 Cal.App.2d 810, 813 [3 Cal.Rptr. 501]; *Faulkner* v. *Faulkner,* 148 Cal.App.2d 102, 105 [306 P.2d 585]; *Saltonstall* v. *Saltonstall,* 148 Cal.App.2d 109 [306 P.2d 492].) The ''Third Progress Report of the Legislature by the Senate Interim Judiciary Committee'' fully set forth in *Faulkner, supra,* clearly indicates this legislative intent. The findings of the committee are detailed in *Faulkner,* and will not be repeated here. Suffice it to say the Legislature was seeking a cure to the problem created when a child is adversely affected by a change in circumstances requiring a modification of an existing order, but which modification when made, could be rendered abortive because of an automatic stay effected forthwith by perfecting an appeal. In these circumstances the child affected was held in the same status and subjected to the same conditions which impelled the trial court to make the change. The Legislature recognized that the trial court should in spite of the appeal have the discretionary power to make, vacate and modify custody orders (44 Cal.L. Rev. 141, 142 (1956)); and thus gave to the trial court this power, which prior to the enactment of section 949a could be exercised only by an appellate court. (*In re Barr,* 39 Cal.2d 25 [243 P.2d 787].) In *Adoption of Cox,* 58 Cal.2d 434, 440 [24 Cal.Rptr. 864, 374 P.2d 832], the court says: ''. . . [T]he very evil which section 949a sought to prevent was the situation wherein the trial court was not at that time [prior to § 949a] authorized to act in the best interests of the child

pending the interim period during which an appeal was being prosecuted from an order changing custody."

In *Milne* v. *Goldstein*, 194 Cal.App.2d 552 [15 Cal.Rptr. 243], the court says directly, although concededly by way of dictum (at p. 558) : "Since the enactment of this legislation and the vesting in the trial judge of discretionary authority to regulate the custody of children during review, it has been held that appellate courts will seldom interfere by issuing a writ of supersedeas."

A stay of an order is in itself an exercise of the trial court's authority to regulate the affairs of the child during review. A custody order is generally not made unless the trial court has determined it should be effective forthwith. When the trial court grants a stay, after it makes such an order, it concurrently limits or modifies what it had ordered.

Since automatic stay by appeal is clearly eliminated except as otherwise provided by section 949a, and it appears to be settled that the trial court has original jurisdiction to grant a stay, it seems logical to conclude that the Legislature decided that it would not suffer the best interests of a child to be impaired by what had theretofore been the established practice which required supersedeas to an appellate court to obtain relief affecting appealed custodial orders. The Legislature thus cured what was an abstruse remedy, not by eliminating it entirely, but by adding a new one, vesting the power to regulate an appealed order in the trial court where it belongs. Whether this power comes under the label of "stay," "regulate" or "modify," is in our opinion immaterial.

The specific language of the statute grants jurisdiction to appellate courts, but in our opinion, it does, as in the case of a stay, limit the power of the appellate courts, other than in ". . . some unusual emergency," (*Faulkner* v. *Faulkner, supra,* at p. 105), to determine the single question of law, to wit: Did the trial court abuse its discretion in making the modification.

We are sensitive to the fact that the manner in which we interpret section 949a may render one or more appeals taken from custody orders moot before they are heard, and there is also implicit in our holding that more than one modification might be made pending appeal. Such modification, however, except that it is made by the trial court, is no different than one made by an appellate court prior to the enactment of section 949a, merely pending the determination of the appeal from the order in respect of which the appeal is taken. *Faulk-*

*ner* v. *Faulkner, supra,* 148 Cal.App.2d 102, 106.) This difference is now pregnant with an added remedy since the aggrieved party has the added right to question the validity of the trial court's modification by supersedeas.

This construction we believe effectuates the intention of the Legislature, fixes the trial court as the forum for taking evidence which is the place where it belongs, and protects the appellate court's jurisdiction. (Code Civ. Proc., § 949a; *Sanchez*; *Faulkner*; *Saltonstall*; *Cox* and *Milne, supra.*)

Petitioner questioned the jurisdiction of the trial court in the sense that it had no power to modify the interlocutory decree because real party in interest had appealed and divested the court of jurisdiction to act. We have decided that the trial court had the power to modify under section 949a, despite the appeal. On our own thesis, we must now determine whether the trial court abused its discretion. We find that it did not.

The test of proper discretion is whether best interests of the child are being served. (*Sanchez* v. *Sanchez, supra,* 178 Cal.App.2d 810, 813; *Adoption of Cox, supra,* 58 Cal.2d 434, 440.)

In exercising its discretion the trial court had before it the parents, the probation officer's report in respect of the child and the child, who, having reached an age of election, expressed a desire to reside with his mother.

The question arising upon a modification petition, or under the prior law as to whether the appellate court should act in the interests of the child pending appeal, are essentially questions of fact. The trial court is singularly equipped to hear and decide such questions. The trial court is the appropriate forum to decide such questions in the first instance. (*Milne* v. *Goldstein, supra*; *Sanchez* v. *Sanchez, supra,* at p. 813; cf. *Stack* v. *Stack,* 189 Cal.App.2d 357, 372 [11 Cal.Rptr. 177].)

The record before us discloses no abuse of discretion.

Petitioner also contends that the trial judge was disqualified under Code of Civil Procedure, section 170.6 to hear the motion to modify. There is no merit in this contention.

Petitioner first appeared before Judge Pfaff on July 9, 1964, at which time he orally objected to the hearing of Bernice Mancini's motion to modify the custody order. The trial court denied petitioner's motion and continued the motion to modify until August 4, 1964.

On July 15, 1964, petitioner served and filed his motion to again dismiss the motion to modify and in addition moved to disqualify Judge Pfaff under Code of Civil Procedure, section 170.6, and to transfer the case to the North Central District of the Superior Court where the original divorce action had been filed. These motions were set for hearing on July 28, at which time they were denied.

It is settled that a motion pursuant to section 170.6 must be made at the earliest practical opportunity and not after the party has lost the first round before the court. (*Robinson* v. *Superior Court*, 186 Cal.App.2d 644, 649 [9 Cal.Rptr. 130].) Petitioner's motion was not timely and he cannot now complain.

Petitioner urges, finally, that since the original divorce action was filed in the North Central District of the Superior Court, the Rules of the Superior Court of Los Angeles County (rule 20-2e) are to the effect that all matters pertaining to the case must be filed in that branch court.

The original divorce complaint was filed in the North Central District and transferred for purposes of trial to the Central District where it was heard by Judge A. A. Scott. When petitioner sought his order to show cause re contempt, Judge Scott stated that under the Central District rules filing should be first made in department 8 and request for transfer should be made in that Department. The motion to modify the interlocutory decree was filed in department 8 almost concurrently with the order to show cause re contempt.

Rule 20-2e of the Rules of the Superior Court of Los Angeles County requires that all motions be filed in the branch court where the original action had been filed. However, all prior matters in regard to the divorce action had been heard in the Central District. Refusal of the judge in department 8 to transfer the motion to the branch court was not prejudicial. (Cal. Const., art. VI, § 4½.)

The alternative writ is discharged and the petition is denied.

Herndon, J., and Kincaid, J. pro tem.,* concurred.

A petition for a rehearing was denied December 2, 1964, and petitioner's application for a hearing by the Supreme Court was denied January 6, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.