[Civ. No. 43654. Second Dist., Div. Five. July 31, 1974.]

NANCY SMITH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RICHARD WILLIAM PETERSON et al., Real Parties in Interest.

## COUNSEL

David A. Binder, Paul Bergman, Paul Boland, Robert Mann and James Polish for Petitioner.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Respondent.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Anne S. Pressman, Deputy Attorneys General, and Walter E. Egerman for Real Parties in Interest.

## OPINION

**ASHBY, J.**—This is a petition for writ of mandate to the Superior Court of Los Angeles County, seeking certain relief relating to petitioner's appeal from a judgment entered July 27, 1973, which granted the petition of real parties in interest Richard and Harvine Peterson for the adoption of petitioner's minor child, Douglas, and denied petitioner's request under

Civil Code section 226a to withdraw her consent to the adoption of the child. Petitioner seeks (1) An order to direct the clerk of the superior court to prepare a clerk's transcript on appeal without the payment of fees; (2) An order requiring the preparation at county expense of a reporter's transcript of the hearing on the request to withdraw consent to the adoption; (3) An order granting petitioner the right to visit and communicate with the child, now in the adopting parents' custody, pending petitioner's appeal; and (4) An order setting aside the decree granting the adoption petition and the order denying petitioner's request to withdraw consent for the adoption.

We hold that under the particular circumstances of this case petitioner is entitled to preparation of a clerk's transcript and a reporter's transcript at county expense. We decline to review the merits of the decree granting the adoption petition and the order denying petitioner's motion to withdraw consent, since there is an adequate remedy by appeal. (*Frye* v. *Superior Court,* 17 Cal.App.2d 198, 200-201 [61 P.2d 778].) As to visitation rights pending appeal, we do not modify the trial court's determination that it would not be in the best interests of the child to have visitation by the natural mother pending appeal.[1]

---

[1]Petitioner suggests that it is desirable for the child to maintain communication with petitioner pending appeal because the order denying petitioner's request to withdraw consent to the adoption might be reversed upon appeal. But we cannot presume the trial court's judgment on the merits is erroneous. " 'This court must consider the rights of respondents as well as those of appellants. Affirmances must be contemplated as well as reversals; in fact, until the contrary is shown, the presumption is in favor of the lower court's decision. . . .' " (*Faulkner* v. *Faulkner,* 148 Cal.App.2d 102, 108 [306 P.2d 585]; *Saltonstall* v. *Saltonstall,* 148 Cal.App.2d 109, 114 [306 P.2d 492]; *Rude* v. *Rude,* 148 Cal.App.2d 793, 799 [307 P.2d 679]; see also *Adoption of Cox,* 58 Cal.2d 434, 439, 442 [24 Cal.Rptr. 864, 374 P.2d 832].)

In the instant case we do not have a complete record, and at this stage we cannot quarrel with the reasonableness of the trial court's conclusion that visitation by the natural mother pending appeal might detrimentally interfere with the desirable adjustment of the child to a permanent and stable home with the prospective adopting parents. (See *C. V. C.* v. *Superior Court,* 29 Cal.App.3d 909, 913 [106 Cal.Rptr. 123].)

Primary responsibility for determination of custody and visitation rights pending appeal rests in the trial court. (Code Civ. Proc., § 917.7; Welf. & Inst. Code, § 800; *Faulkner* v. *Faulkner, supra,* 148 Cal.App.2d 102, 107; *Rude* v. *Rude, supra,* 148 Cal.App.2d 793, 799.) The trial court, having seen and heard the witnesses, is in the best position to determine the best interests of the child. (*Mancini* v. *Superior Court,* 230 Cal.App.2d 547, 556 [41 Cal.Rptr. 213]; *Sanchez* v. *Sanchez,* 178 Cal.App.2d 810, 813 [3 Cal.Rptr. 501].) The appellate court should intervene only in unusual situations where probable error in the custody order is manifest and the trial court has abused its discretion. (*Adoption of Cox, supra,* 58 Cal.2d 434, 439-440; *Saltonstall* v. *Saltonstall, supra,* 148 Cal.App.2d 109, 115; *Mancini* v. *Superior Court, supra,* at p. 555.)

Furthermore, it should be noted that the trial court retains jurisdiction pending the appeal to modify or amend its custody orders (*Mancini* v. *Superior Court, supra,* at pp. 551-556).

## FACTS

According to the petition the child was born to petitioner on February 16, 1970, when petitioner was unmarried and living with her mother. In September of 1972 petitioner was living with a man and became concerned that he might harm the child, so she made arrangements with real parties in interest Richard and Harvine Peterson for them to take custody of the child and to adopt him. On October 6, 1972, the Petersons filed a petition for adoption. On November 29, 1972, at the offices of the State Department of Health (formerly State Department of Social Welfare) petitioner signed an adoption consent form provided by the department. (See Civ. Code, § 226.1.)

On April 30, 1973, petitioner filed a petition for withdrawal of consent to the adoption. (Civ. Code, § 226a.) In this petition it was alleged that at the time she signed the consent form petitioner was extremely distraught and emotionally upset, and did not fully understand the consequences of signing the form. It was further alleged that petitioner's circumstances had changed, that she could properly support and care for the child, and that the granting of the petition for withdrawal of consent would be in the best interests of the minor.

After a hearing on the petition for adoption of the minor and on the petition to withdraw consent the trial court granted the petition for adoption and denied the petition to withdraw consent, finding (1) that the consent had been given and filed in the manner required by law, (2) that the petition for withdrawal of consent was not reasonable in view of all the circumstances and withdrawal of consent would not be in the best interests of the child, and (3) that the interests and welfare of the child would be promoted by the proposed adoption. Petitioner filed notice of appeal from the judgment.

Petitioner moved in the trial court that she be provided at county expense a transcript of the hearing on her petition to withdraw consent, alleging that she needed the transcript in order to appeal the judgment and that she was indigent and could not afford the transcript. The motion was supported by petitioner's declaration under penalty of perjury as to her indigency and by the certification by her counsel that the contentions on appeal were meritorious and that the appeal was taken in good faith. (See *Ferguson* v. *Keays,* 4 Cal.3d 649, 658 [94 Cal.Rptr. 398, 484 P.2d 70].)[2]

---

[2] At trial petitioner was unable to afford private counsel and was represented without compensation by attorneys and students of the clinical education program of the UCLA School of Law under the supervision of Professor of Law David A. Binder, who signed the declaration.

Counsel declared that he would be unable to make an adequate and effective appeal without a reporter's transcript of the hearing on the petition and explained his reasons for this conclusion.[3] Counsel stated that the contention on appeal that petitioner's consent to the adoption was not freely, knowingly, and intelligently given required evaluation of all the evidence of the circumstances surrounding the signing of the consent form, of petitioner's lack of experience and information on adoption matters, her youth and her emotional state, and of the advice given her by the representative of the State Department of Health. Counsel further stated that the contention on appeal that withdrawal of consent was reasonable in view of all the circumstances and in the best interests of the child was essentially dependent upon the totality of evidence presented at the hearing.

On October 31, 1973, the trial court held a hearing on the motion for free transcripts, and denied the motion on the ground that it did not have authority to order such transcripts.

■ Petitioner contends that under the circumstances the trial court had both the authority and the duty to order preparation of the transcripts on appeal at county expense.[4] We agree.

## DISCUSSION

Petitioner has appealed pursuant to Civil Code section 226a, from the denial of her petition to withdraw consent to the adoption of her child. We find that petitioner has a statutory right to the preparation of a clerk's transcript and a reporter's transcript on appeal at county expense under section 226a and Welfare and Institutions Code section 800. The final paragraph of section 226a provides: "Any order of the court granting or withholding approval of a withdrawal of a consent to an adoption may be appealed from in the same manner as an order of the juvenile court declaring any person to be a ward of the juvenile court." An appeal from an order of the juvenile court declaring any person to be a ward of the juvenile court is governed in turn by Welfare and Institutions Code section 800.

The last sentence of section 800 specifically provides that "[a]n appellant unable to afford counsel shall be provided a free copy of the transcript." Since section 226a incorporates the procedure for appeals of orders declaring any person a ward of the juvenile court, it incorporates section

---

[3]The motion was supplemented by a request for preparation of a clerk's transcript as well.

[4]There does not appear to be any question about petitioner's indigency.

800's provision of a free transcript for an appellant unable to afford counsel. Petitioner is an appellant unable to afford counsel within the meaning of that section, and she is therefore entitled to a free copy of the transcript. (See *Dana J.* v. *Superior Court,* 4 Cal.3d 836, 839-841 [94 Cal.Rptr. 619, 484 P.2d 595].)[5]

Section 800 imposes no specific requirement of a showing of need for a transcript, but we remind counsel in future cases that often a complete reporter's transcript is not necessary to effective appellate review, and an agreed or settled statement or partial reporter's transcript will be adequate. (*March* v. *Municipal Court,* 7 Cal.3d 422, 427-429 [102 Cal.Rptr. 597, 498 P.2d 437]; *Draper* v. *Washington* (1963) 372 U.S. 487, 495-496 [9 L.Ed.2d 899, 905-906, 83 S.Ct. 774]; Cal. Rules of Court, rules 4, 5, 6, and 7.) The specific provision of section 800 should not be regarded by litigants as an invitation to make profligate demands for unnecessary transcripts. (See *Mayer* v. *City of Chicago* (1971) 404 U.S. 189, 199-201 [30 L.Ed.2d 372, 381-382, 92 S.Ct. 410] (Burger, C. J., concurring).)

CONCLUSION

Let a peremptory writ of mandate issue to compel the superior court to order the free transcripts requested by petitioner.

Stephens, Acting P. J., and Hastings, J., concurred.

---

[5]In footnote 6 at page 840 the court also states: "It is also clear from the language of section 800 that, contrary to the People's suggestion, the Legislature did not intend to permit the juvenile court to order a settled statement in lieu of a transcript, as is the practice in certain criminal appeals. See *Magezis* v. *Municipal Court,* 3 Cal.3d 54 [88 Cal.Rptr. 713, 473 P.2d 353.]"

(Cf. *Crespo* v. *Superior Court, post,* p. 115 [115 Cal.Rptr. 681])