34 Cal.App.3d 510 (1973)
110 Cal. Rptr. 56
In re JESSIE RODRIGUEZ et al., Minors.
KERN COUNTY WELFARE DEPARTMENT, Petitioner and Respondent,
v.
CONFESSOR R. PADILLA, Objector and Appellant.
Docket No. 1875.
Court of Appeals of California, Fifth District.
October 4, 1973.
*511 COUNSEL
Michael Korn, under appointment by the Court of Appeal, for Objector and Appellant.
Ralph B. Jordan, County Counsel, and George Wright Quick, Deputy County Counsel, for Petitioner and Respondent.
OPINION
THOMPSON, J.[*]
The Kern County Welfare Department filed a petition pursuant to the provisions of Civil Code section 232, subdivision (d)[1] to *512 have the four Rodriguez children, Jessie, Marcos, Kennedy and Ines free from the custody and control of their father, Confessor R. Padilla, who had been convicted of the murder of the children's mother, Mary Rodriguez, and had been sentenced to life imprisonment. The petition further requested that the children be placed in the custody and control and under the guardianship of the Kern County Welfare Department for adoption placement.
On June 5, 1972, the trial court issued its citation requiring the father to appear at a hearing set on July 28, 1972, which citation was served upon the father on June 21, 1972, at San Quentin Prison.
A hearing was had on July 29th, neither the father nor the children being present. The probation report was received. It set forth the ages of the children, 11, 10, 9 and 7; that the deceased mother and father were separated in November 1969 and the children declared dependents of the court on February 18, 1970; that the father was convicted of murdering the mother of the children and sentenced to San Quentin. The probation report also disclosed that the father wished to keep his children from being freed from his parental control and indicated his intention to resist the petition. The probation report recommended that the court determine the minor children to be fit and proper persons for consideration under the provisions of section 232, subdivision (d) of the Civil Code and be declared free from the custody and control of appellant father. The court was requested to take judicial notice of appellant father's conviction of the murder of the children's mother and his sentence to life imprisonment. The only evidence presented was the probation office's report and the request for judicial notice of appellant's conviction.
The court declared the four minor children free from parental custody and control of appellant father and placed them with the Kern County Welfare Department pending further order of the court.
The citation served upon appellant giving him notice of the hearing read as follows: "You are hereby notified of the provisions of Civil Code § 237.5 which provide: `the judge shall advise the minor and the parents, if present, of the right to have counsel present. The court may appoint *513 counsel to represent the minor whether or not the minor is able to afford counsel, and if they are unable to afford counsel, shall appoint counsel to represent the parents.' The petition filed herein is for the purpose of freeing the subject children for placement for adoption."
The appellant was further advised that his failure to attend would constitute a contempt of court.
(1) It is significant to note that within five days after receiving the notice above referred to appellant notified the welfare department that he did not want his children freed from his control and declared that it would be better for the children if they were not separated from him. While the merits of the latter proposition are debatable, we cannot quarrel with the demonstrated interest of the appellant in resisting efforts to have his children freed from his control. This is further shown by the fact that he filed a notice of appeal within 30 days and requested that an attorney be appointed for him, which was done.
It is clear from the provisions of section 237.5 of the Civil Code that legal representation must be provided indigent parents brought into court pursuant to its provisions, unless waived.[2] Respondent Kern County Welfare Department asserts that there is no showing of indigency on the part of Mr. Padilla. This argument appears to have little validity. He was under a life sentence in San Quentin; according to the records before the court he was a farm laborer who had been unable to work because of physical *514 disabilities since 1962; a public defender had been appointed to represent him in the murder trial in 1970. All of these facts were almost uncontrovertible proof that he was indigent and entitled to the appointment of an attorney pursuant to the provisions of section 237.5 of the Civil Code.
We find equally unpersuasive the respondent's argument that appellant could have appeared in court to represent himself. The murder trial record disclosed that he required an interpreter during his trial. To suggest that he should have read the Penal Code available to him in the San Quentin library to ascertain that he could request that he be transported by the prison authorities to attend the proceeding in Bakersfield likewise ignores both the extreme unlikelihood that he would know of such a legal resource and the further unlikelihood that the prison officials would have granted such a request.
Even if a statutory right to be represented by counsel should not exist, a strong case can be made out that, under the circumstances wherein the state seeks to deprive a parent of all further parental relationships with a child, due process, apart from any statutory considerations, would require the appointment of an attorney for an indigent parent.
The Supreme Courts of two states, Oregon and Maine, have so squarely held. (State v. Jamison (1968) 251 Ore. 114 [444 P.2d 15]; Danforth v. State Department of Health & Welfare (Me. 1973) 303 A.2d 794.)
Carrying out the rationale of Gideon v. Wainwright, 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733] it would appear to be strange indeed if constitutional due process under the Sixth Amendment requires the appointment of an attorney for indigents in criminal cases wherein the punishment may be very minimal, and that due process under the Fifth and Fourteenth Amendments would not require the appointment of an attorney for an indigent parent in a proceeding such as we have here which is in every sense an accusatory proceeding in which the loss of parental relationship to his child may be a vastly greater punishment than the levying of a fine or even imprisonment resulting from a criminal conviction. As was discussed in both the Jamison and Danforth cases, supra, whenever the power of the state is thrown upon the scales of justice in opposition to the vastly lesser power of an individual in a proceeding wherein such basic rights as the fundamental integrity of the family is the stake, the scales can only be balanced in the interests of justice by the appointment of counsel for indigent parents. Certainly the issues in a contest between the state and a parent, over parental fitness, involves as great, if not greater, need for counsel than most criminal cases especially when *515 the matter of fitness may turn upon highly complex psychological evaluations.
We assert the constitutional issue only in support of what we believe to be already established statutory right of indigent parents to be represented by counsel in a proceeding such as this.
We hold, therefore, that the error of the court was a duality, first, in denying a statutory right under the provisions of section 237.5 of the Civil Code where an indigent parent acquires the right to the appointment of an attorney, and upon the further ground that due process, in the absence of a statutory right, would require the appointment of an attorney for such indigent parent.
Appellant asserts additionally that the trial court committed error in not requiring the presence of the children at the hearing to declare the children free from his custody and control. In view of our holding that failure to appoint counsel for appellant was error requiring a reversal and a new hearing, if the respondent so elects, we need not pass upon this issue. We also note that this proceeding may not be a particularly appropriate one in which to decide this point categorically for the reason that the children in this case had already been declared dependent children and were not in the custody of the parents. However, suffice it to say that in any new hearing of this case judicial prudence would dictate that the children should be present, thereby eliminating any claim of error.
We do not wish to be understood that, given a situation in which it is proved that a parent has abandoned his child, and cannot be found or served, the state would be powerless to act for the best interests of the child without the presence of the parent or his representation by counsel. Nor do we find that the state may not act summarily in emergency situations provided a due process hearing is had as soon as the emergency has been resolved.
The judgment is reversed and the cause remanded to the trial court for further action in accordance with this opinion.
Brown (G.A.), P.J., and Gargano, J., concurred.
NOTES
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.
[1] "§ 232. An action may be brought for the purpose of having any person under the age of ... 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:

".... .... .... .... .... .
"(d) Whose parent or parents are deprived of their civil rights due to the conviction of a felony, if the felony of which such parent or parents were convicted is of such nature as to prove the unfitness of such parent or parents to have the future custody and control of the child, or if any term of sentence of such parent or parents is of such length that the child will be deprived of a normal home for a period of years."
[2] "§ 237.5. At the beginning of the proceeding on a petition filed pursuant to this chapter, the judge shall first read the petition to the child's parents, if they are present, and may explain to the child the effect of the granting of the petition and upon request of the minor upon whose behalf the petition has been brought or upon the request of either parent the judge shall explain any term or allegation contained therein and the nature of the proceeding, its procedures, and possible consequences. The judge shall ascertain whether the minor and his parent have been informed of the right of the minor to be represented by counsel, and if not, the judge shall advise the minor and the parents, if present, of the right to have counsel present. The court may appoint counsel to represent the minor whether or not the minor is able to afford counsel, and, if they are unable to afford counsel, shall appoint counsel to represent the parents. The court may continue the proceeding for not to exceed seven days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself with the case, or to determine whether the parents are unable to afford counsel at their own expense.

"When the court appoints counsel to represent either the minor or the parents under the provisions of this section, such counsel shall receive a reasonable sum for compensation and expenses, the amount of which shall be determined by the court. Such amount shall be paid by the real parties in interest, other than the minor, in such proportions as the court deems just. However, if the court finds that none of such real parties in interest is able to afford counsel, such amount shall be paid out of the general fund of the county." (Italics added.)