[Civ. No. 43852. Second Dist., Div. Five. July 31, 1974.]

MIRIAM CRESPO et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF ADOPTIONS,
Real Party in Interest.

## COUNSEL

Daniel M. Luevano, Rosalyn M. Chapman, Philip L. Goar, Richard Alpert, W. Kenneth Rice and Ron Bain for Petitioners.

John H. Larson, County Counsel, Paul T. Hanson and Dwight V. Nelsen, Deputy County Counsel, for Respondent and for Real Party in Interest.

## OPINION

**ASHBY, J.**—This is a petition for writ of mandate to compel the Superior Court of Los Angeles County to provide without cost to petitioners a clerk's transcript and reporter's transcript on appeal from a judgment of the superior court. Petitioners Miriam Crespo and Rafael Gerena are the natural parents of two minor children, Rose Lynn Gerena and Angelica Gerena. Pursuant to Civil Code section 232 real party in interest Los Angeles County Department of Adoptions filed a petition to have the minors freed from parental custody and control. The trial court found that the minors are persons described in former Civil Code section 232, subdivision (a) (now § 232, subd. (a)(1)), and that in the best interests and welfare of the minors they should be freed from the custody and control of their natural parents, and entered judgment accordingly.

Petitioners appealed from the judgment. Petitioners moved that they be provided a clerk's transcript and reporter's transcript without cost, alleging that they were indigent and could not afford the transcripts.[1] The motion was supported by declarations under penalty of perjury by petitioners as to their indigency and by counsel as to his opinion that the appeal was meritorious and in good faith. (See *Ferguson* v. *Keays*, 4 Cal.3d 649, 658 [94 Cal.Rptr. 398, 484 P.2d 70].) Counsel further declared that a complete reporter's transcript was necessary in order to argue on appeal the issue of sufficiency of the evidence to support the judgment.

The trial court held a hearing on the motion for free transcripts. At the hearing the deputy county counsel representing the Department of Adoptions stated that it would be extremely difficult to have a settled statement which would accurately represent the evidence to the appellate court, in light of the issue of sufficiency of the evidence being raised on appeal. He conceded that in the interests of justice there should be a complete transcript on appeal, but questioned whether the court had power to provide it. The trial judge also stated that the record on appeal should be in the form of a reporter's transcript and that it ought to be provided if the court had authority to do so. The court denied the motion, however, in spite of the court's finding that petitioners were indigent, on the ground that it lacked authority to order free transcripts for an indigent on appeal, relying upon *Rucker* v. *Superior Court,* 104 Cal.App. 683 [286 P. 732].

---

[1]Petitioner Crespo was represented at trial, apparently without compensation, by attorneys of the Center for Parental and Juvenile Justice and the Western Center on Law and Poverty. The trial court appointed counsel for petitioner Gerena. (Civ. Code, § 237.5.)

Petitioners seek an order to the clerk of the superior court directing him to prepare or cause to be prepared a clerk's transcript and reporter's transcript on appeal without cost to petitioners.[2] We conclude that the trial court has authority to order transcripts on appeal at county expense for indigent parents in a Civil Code section 232 proceeding, when such transcripts are necessary for appellate review.

A proceeding under Civil Code section 232 terminates the parents' interest in the custody and control of their child. In recognition of the importance of the parents' interest in their child the Legislature has declared a statutory policy that indigent parents in a section 232 proceeding are entitled to the appointment of counsel. (Civ. Code, § 237.5;[3] *Adoption of Hinman*, 17 Cal.App.3d 211, 216 [94 Cal.Rptr. 487]; *In re Rodriguez*, 34 Cal.App.3d 510, 514-515 [110 Cal.Rptr. 56].) The right to appeal a judgment in such a proceeding is preserved by Civil Code section 238, and in at least one case the Court of Appeal appointed counsel on appeal for an indigent parent. (*In re Rodriguez, supra* at p. 511.)

We do not believe that the Legislature intended to guarantee the indigent

---

[2]At the time of their motion in the trial court for free transcripts, petitioners also requested a stay of execution of the judgment and restoration of visitation rights pending appeal. The trial court ordered the Department of Adoptions and the minors' guardian not to finalize any adoption pending appeal but permitted the placement of the minors with prospective adopting parents. The court denied the request for visitation rights, finding that it would not be in the best interests of the children. Petitioners do not specifically contest these orders, and in any event we see no reason to upset the findings of the trial court as to the best interests of the children. (*Smith* v. *Superior Court, ante,* pp. 109, 111 at fn. 1 [115 Cal.Rptr. 677])

[3]Civil Code section 237.5 reads: "At the beginning of the proceeding on a petition filed pursuant to this chapter, the judge shall first read the petition to the child's parents, if they are present, and may explain to the child the effect of the granting of the petition and upon request of the minor upon whose behalf the petition has been brought or upon the request of either parent the judge shall explain any term or allegation contained therein and the nature of the proceeding, its procedures, and possible consequences. The judge shall ascertain whether the minor and his parent, have been informed of the right of the minor to be represented by counsel, and if not, the judge shall advise the minor and the parents, if present, of the right to have counsel present. *The court may appoint counsel to represent the minor whether or not the minor is able to afford counsel, and, if they are unable to afford counsel, shall appoint counsel to represent the parents.* The court may continue the proceeding for not to exceed seven days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself with the case, or to determine whether the parents are unable to afford counsel at their own expense.
"*When the court appoints counsel to represent either the minor or the parents under the provisions of this section, such counsel shall receive a reasonable sum for compensation and expenses, the amount of which shall be determined by the court. Such amount shall be paid by the real parties in interest, other than the minor, in such proportions as the court deems just. However, if the court finds that none of such real parties in interest is able to afford counsel, such amount shall be paid out of the general fund of the county.*" (Italics added.)

parents in a section 232 proceeding the right to appointed counsel and the right to appeal while at the same time impairing that right of appeal by permitting the indigent parents' inability to afford transcripts to preclude effective utilization of the right to appellate review. We construe sections 237.5 and 238 to authorize the trial court to order transcripts at county expense[4] for an indigent parent where such transcripts are necessary to appellate review.[5]

In the absence of a specific statutory provision (cf. Civ. Code, § 226a; Welf. & Inst. Code, § 800; *Smith* v. *Superior Court, supra, ante,* p. 109), the right of an indigent parent in a section 232 proceeding to a free transcript on appeal is limited to those cases where a transcript is actually necessary. There are many cases in which a complete reporter's transcript will not be necessary to assure effective appellate review, and an agreed or settled statement or partial reporter's transcript (see Cal. Rules of Court, rules 4, 5, 6, and 7) will be adequate. (*March* v. *Municipal Court,* 7 Cal. 3d 422, 427-429 [102 Cal.Rptr. 597, 498 P.2d 437]; *Draper* v. *Washington* (1963) 372 U.S. 487, 495-496 [9 L.Ed.2d 899, 905-906, 83 S.Ct. 774].)[6] The right to free transcripts should not be abused by profligate demands for unnecessary transcripts. (See *Rucker* v. *Superior Court, supra,* 104 Cal.App. 683, 685; *Mayer* v. *City of Chicago* (1971) 404 U.S. 189 199-201 [30 L.Ed.2d 372, 381-382, 92 S.Ct. 410] (Burger, C. J., concurring).)

The trial court should make the determination in the first instance whether a complete transcript or requested partial transcripts are necessary for the appeal. The appellant and counsel should first make the same mini-

---

[4]Under section 237.5 the court shall order the cost paid "by the real parties in interest, other than the minor, in such proportions as the court deems just" or "if the court finds that none of such real parties in interest is able to afford counsel, such amount shall be paid out of the general fund of the county."

[5]A similar conclusion was reached by the Supreme Court of Iowa in *Chambers* v. *District Court of Dubuque County* (1967) 261 Iowa 31 [152 N.W.2d 818], where the court held that in proceedings for the severance of parental rights the statutory rights to appointed counsel and to appeal implied a right to a free transcript even though there was no specific statutory provision for a transcript.

[6]In *Draper,* a criminal case, the court stated, "[A] State need not purchase a stenographer's transcript in every case where a defendant cannot buy it. [Citation.] Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances." (372 U.S. at p. 495 [9 L.Ed.2d at p. 905].)

mum showing of indigency and merit to the appeal required at the appellate level by *Ferguson* v. *Keays, supra,* 4 Cal.3d 649, 658.[7] Second, counsel should submit a declaration showing the grounds of the appeal and the reasons why a transcript is necessary for effective appellate review. Where the grounds of appeal make out a colorable need for a free transcript the burden shifts to the respondent to show that an alternative such as a settled statement will suffice. (*March* v. *Municipal Court, supra,* 7 Cal.3d 422, 428-429.)[8]

In the instant case the declaration of need for the transcripts submitted by trial counsel was rather conclusionary. However, the trial court held a hearing on the motion and the trial judge was satisfied by the arguments made at the hearing that a transcript was necessary for the appeal. On the record before us it is unnecessary to remand this case to the trial court for any additional findings as to indigency or the need for a complete transcript.

We adhere to the general rule, relied upon by the trial court, that the ordinary civil litigant is not entitled to free transcripts on appeal at public expense. (*Rucker* v. *Superior Court, supra; Kaufman* v. *Brown,* 106 Cal. App.2d 686, 688-689 [235 P.2d 632]; *Legg* v. *Superior Court,* 156 Cal. App.2d 723, 724-725 [320 P.2d 227]; *Agnew* v. *Contractors Safety Assn.,* 216 Cal.App.2d 154, 156 [30 Cal.Rptr. 690], cert. den., 375 U.S. 976 [11 L.Ed.2d 421, 84 S.Ct. 496]; *Leslie* v. *Roe, ante,* p. 104 [116 Cal.Rptr. 386]). But we find the general rule inapplicable here in light of the Legislature's policy, as indicated by Civil Code section 237.5, to protect the interests of indigent parents whose relation with their children is terminated by a Civil Code section 232 proceeding.

---

[7]"Thus, there is ample precedent for requiring, as a condition to the grant of in forma pauperis relief, that each applicant establish to the court's satisfaction that he is in fact indigent and that his claim or defense is not wholly frivolous. With respect to applications for such relief at the appellate level, we believe that the applicant should, at a minimum, submit (1) the certificate of his counsel, declaring that he is familiar with the facts underlying the action or appeal, that in his opinion his client's contentions have merit, and that the action or appeal is brought in good faith and not for purposes of delay or harassment, and (2) the declaration of the applicant, executed under penalty of perjury, stating that he is unable to pay the requisite filing fee without depriving himself or his dependents of the necessaries of life, and briefly setting forth the facts which disclose his indigence." (Fns. omitted.)

[8]The trial court may also order the preparation of the transcript in a case where the cost to the taxpayers of proceedings for settling a statement would exceed the cost of the transcript. (*Herick* v. *Municipal Court,* 8 Cal.App.3d 967, 977 [87 Cal.Rptr. 646].)

CONCLUSION

Let a peremptory writ of mandate issue to compel the superior court to order free transcripts for petitioners as requested. The trial court shall determine the manner of payment pursuant to Civil Code section 237.5.

Stephens, Acting P. J., and Hastings, J., concurred.