[Civ. Ext. No. 75-725. Second Dist., Div. Two. Nov. 25, 1975.]

In re NORMA M., a Minor, et al.
DEPARTMENT OF ADOPTIONS OF LOS ANGELES COUNTY,
Petitioner and Respondent, v.
LILLIAN D., Objector and Appellant.

**COUNSEL**

Daniel M. Luevano, Rosalyn M. Chapman, John E. McDermott, W. Kenneth Rice, John Maraldo, Martin H. Flam and Richard Paz for Objector and Appellant.

John H. Larson, County Counsel, and Patrick Gardiner, Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**THE COURT.**\*—On petition of the Los Angeles County Department of Adoptions pursuant to Civil Code section 232, the superior court found that appellant Lillian D. had abandoned three of her minor children. That court entered judgment declaring the children free from appellant's custody and control. ■ Appellant, an indigent represented by appointed counsel in the trial court (see Civ. Code, § 237.5), filed a notice of appeal and now moves for appointment of counsel on appeal.

---

\*Before Fleming, Acting P. J., Compton, J., and Beach, J.

In *In re Simeth,* 40 Cal.App.3d 982 [115 Cal.Rptr. 617], this court appointed counsel on an indigent mother's appeal from a juvenile court order finding her daughter a dependent child pursuant to Welfare and Institutions Code section 600. We found the appointment authorized by the amendment of certain statutes subsequent to our earlier decision in *In re Robinson,* 8 Cal.App.3d 783 [87 Cal.Rptr. 678], cert. den., *sub. nom., Kaufman* v. *Carter* (1971) 402 U.S. 964 [28 L.Ed.2d 128, 91 S.Ct. 1624]. The concurring opinion in *Simeth* concluded that appointment of counsel was also implicitly authorized by the then recently adopted rule 251 of the California Rules of Court.[1]

The present case initiated under Civil Code section 232 (hereafter § 232) is similar in many respects to the *Simeth* proceeding initiated under Welfare and Institutions Code section 600 (hereafter § 600). In each case a parent lost custody of a minor child or children on the petition of a government agency, either on a finding of abandonment (§ 232), or a finding of lack of parental care (§ 600). In each case the indigent parent was represented by appointed counsel in the trial court.

In several respects the argument for appointing counsel for a parent in a § 232 appeal is more compelling than in a § 600 appeal. Civil Code section 237.5 *requires* the appointment of trial counsel for indigent parents in a § 232 proceeding, whereas Welfare and Institutions Code section 634 merely *authorizes* such an appointment in a § 600 proceeding. (*In re Joseph T.,* 25 Cal.App.3d 120, 127-130 [101 Cal.Rptr. 606].) A final judgment in a § 232 proceeding may have greater and more immediate consequences to the parent than a final judgment in a § 600 proceeding, for a judgment under § 232 may declare the minor children free from parental custody and control and speedily lead to an adoption in which the parent's right to custody is permanently lost (Civ. Code, § 224, subd. 1), while, in contrast, an adverse judgment in a § 600 proceeding can only result in a parent's loss of custody on a non-conclusive basis. (Welf. & Inst. Code, §§ 727, 729, 775.)

---

[1] Rule 251, which became effective July 1, 1973, reads as follows: "In juvenile court proceedings in which the minor is found to be a person described by Sections 600, 601, or 602 of the Welfare and Institutions Code after a contested issue of fact or law, the juvenile court judge or referee, after making his order at the conclusion of the dispositional hearing or an order changing or modifying a previous disposition at the conclusion of a hearing on a supplemental petition, shall advise, either orally or in writing, the minor and, if present, his parent, guardian or adult relative of any right to appeal from such order, of the necessary steps and time for taking an appeal, and of the right of an indigent person to have counsel appointed by the reviewing court."

We note the precedents for providing free transcripts to indigent parents who appeal a judgment in a § 232 proceeding. (*Crespo* v. *Superior Court,* 41 Cal.App.3d 115 [115 Cal.Rptr. 681]; see also, *Smith* v. *Superior Court,* 41 Cal.App.3d 109 [115 Cal.Rptr. 677].) Free transcripts would be of little value to most indigent parents without appointment of free counsel. We also note that in one § 232 appeal the court appointed counsel for an indigent parent without discussing the basis for the appointment. (*In re Rodriguez,* 34 Cal.App.3d 510, 513 [110 Cal.Rptr. 56].)

The petition for appointment of counsel on appeal is granted. In order to expedite the appeal in this particular matter, appointed counsel will designate the record on appeal within 10 days of the date of appointment. (Cal. Rules of Court, rules 4, 5.) ■ However, in future cases we deem it the duty of appointed counsel in the trial court to perfect an appeal if his client so requests. This includes both the filing of notice of appeal and the designation of the appropriate record for appeal. Counsel need not designate himself as counsel of record on the appeal, but merely indicate he is acting on behalf of appellant for the limited purpose of perfecting the appeal.

The clerk's transcript and reporter's transcript on the appeal herein will be prepared without charge. (*Crespo* v. *Superior Court, supra,* 41 Cal.App.3d 115.)