After hearing of a dependency petition filed by the Department of Pensions and Security, hereafter referred to as the Department, the Juvenile Court of Mobile County terminated the parental rights of Marion and Margaret Ward to their two minor daughters. The Wards appealed to a trial de novo in the circuit court as provided by statute. The circuit court again terminated the Wards' parental rights to their children. The Wards have filed appeal of that judgment to this court.
The circuit court granted motion by the Wards to proceed on appeal in forma pauperis under Rule 24 (a), ARAP. However, their request to provide a free transcript for appeal was denied. The Wards have now renewed their motion for a free transcript in this court. We grant the motion.
The Wards founded their motion upon constitutional grounds. They contend that they are indigent parties to an action brought by the state to take from them a fundamental constitutional liberty, the right to have and exercise parent-child relationship. They say the termination of such relationship by action of the state must be accompanied by requisite due process and equal protection accorded by the Fourteenth Amendment of the Constitution of the United States. They submit that the principles of due process and equal protection pronounced by the Supreme Court of the United States in the cases of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585,100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353,83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Draper v. Washington,372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); and Ross v. Moffitt,417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) apply in this case.
Several states in recent years have held that indigent parents whose parental rights to their children were terminated in actions brought by the state, were entitled to free counsel at all stages of the proceedings, including appeals by right, and to free transcript on such appeals.
Some of the cases were decided upon constitutional grounds of due process and equal protection. Reist v. Bay County CircuitJudge, 396 Mich. 326, 241 N.W.2d 55 (1976). Others were decided upon an interpretation of state statutes. In re Appeal in PimaCounty, Juvenile Action No. J-46735 v. Howard, 112 Ariz. 170,540 P.2d 642 (1975); Crespo v. Superior Court for County of LosAngeles, 41 Cal.App.3d 115, 115 Cal.Rptr. 681 (1974); Nix v.Department of Human Resources, 236 Ga. 794, *Page 573 225 S.E.2d 306 (1976); In re Chambers, 261 Iowa 31, 152 N.W.2d 818 (1967);In re Karren, 280 Minn. 377, 159 N.W.2d 402 (1968). Though it may be properly said that we evade the opportunity of declaring an extension of fundamental constitutional principles, we choose to grant the motion for a free transcript upon authority of state statutes and Rules of Juvenile Procedure adopted by the Alabama Supreme Court. Title 13A, Sections 5-124 and 5-152. In this course, we do not deny that underlying it are the principles of Griffin v. Illinois, supra and Douglas v.California, supra and thus precedential ancestry.
Though Article 5 of Title 13A of the Code and the Rules of Juvenile Procedure were not in effect at the time this proceeding was begun, heard and judgment entered in either the Juvenile Court or the Circuit Court of Mobile County, they did become effective January 16, 1977. It is the opinion of this court that Article 5 of Title 13A and the Rules of Juvenile Procedure may now be applied to matters pending before this court, such as the motion for a free transcript to prosecute a pending appeal. Rule 86, ARCP.
Sec. 5-124 (b) of Title 13A provides as follows:
 "In dependency cases, the parents, guardian or custodian shall be informed of their right to be represented by counsel and, upon request, counsel shall be appointed where the parties are unable, for financial reasons, to retain their own. . . ."
It is in dependency cases that the issue of termination of parental rights arises. Sec. 5-101 (j), Code.
The legislature has thus by statute recognized that an action brought by the state which involves the termination of parental rights is of such importance that a parent must be informed of the right to counsel, and if indigent, must be furnished counsel. Such legislative and statutory recognition is in line with statements of the United States Supreme Court as to the fundamental nature of parental rights. The court in May v.Anderson, 345 U.S. 528, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953) called such rights "far more precious . . . than property rights." In Ginsberg v. State of New York, 390 U.S. 629,88 S.Ct. 1274, 20 L.Ed.2d 195 (1968), it said:
 "Constitutional interpretation has consistently recognized that the parents' claim to authority in their own household, to direct the rearing of their children is basic in the structure of our society." 88 S.Ct. at 1280.
The court first said in 1923 in the case of Meyer v. State ofNebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923), that the "liberty" guaranteed against state interference by the Fourteenth Amendment meant more than freedom from bodily restraint. Meyer said:
 "Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." 43 S.Ct. at 626.
The legislature in providing for appointed counsel for indigent parents in the trial of termination of rights cases acted in recognition that such cases represent state action in derogation of fundamental constitutional rights. The legislature did direct appointed counsel for indigent parents. It further granted to the parents the right of appeal from the final order of the Juvenile Court. Sec. 5-152, Code.
In accordance with its rule-making power, Title 13A, Sec. 5-102, Code, the Alabama Supreme Court on the 14th day of October, 1976, adopted the Alabama Rules of Juvenile Procedure. Those rules were effective January 16, 1977. Rule 11 (c) provides:
 "(I)n addition, the person in charge of the intake office shall immediately attempt to notify the parents or guardian of the child of the detention. He shall also inform them of the child's rights and *Page 574 
of their right to be represented by counsel throughout the proceedings." (Emphasis ours.)
Rule 22 provides:
 "Right to counsel at all stages of the proceedings shall include the right to counsel in an appeal."
We consider the only logical conclusion to be that Rule 11 (c), as above quoted, provides the procedural implementation of the substantive right granted by Sec. 5-124 (b). That is, that parents have the right to counsel from initial trial throughout all proceedings. Under Rule 22 that includes an appeal.
As the California Court of Appeals said in the case of Crespov. Superior Court for County of Los Angeles, supra:
 "We do not believe that the legislature intended to guarantee the indigent parents in a [dependency] proceeding the right to appointed counsel and the right to appeal while at the same time impairing that right of appeal by permitting the indigent parents' inability to afford transcripts to preclude effective utilization of the right to appellate review." 115 Cal.Rptr. at 683.
We construe Sec. 5-139 (a) to authorize the trial court to order necessary transcripts at county expense. Rule 11 (J) ARJP provides:
 "The child shall be furnished a transcript on appeal. If the child or his parents cannot afford a transcript, the court shall order the transcript paid for out of funds set aside for this purpose."
Rule 11 (J), added to all the provisions of Rule 11 preceding it, is calculated to satisfy all the basic constitutional rights required by decisions of the U.S. Supreme Court to be extended to those charged with criminal offenses. Such rights were required to be granted as well to juveniles by the decision of In re Gault, 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527 (1967).
It appears to this court that 11 (J) should provide for furnishing of transcript to indigent parents as well, in proceedings brought by the state to terminate their parental rights.
We follow the lead of the Supreme Court of Georgia as espoused in the case of Nix v. Department of Human Resources,supra. It appears from that case that many provisions of the Georgia Juvenile Code are similar to Article 5 of Title 13A,Code of Alabama (1940). Among the similarities is the recognition that juvenile proceedings are unique and are significantly different from purely civil cases. Other marked similarities between the Georgia Juvenile Code and that of Alabama are the provisions for appointed counsel for parents and right of appeal. The Georgia Supreme Court said as follows:
 "It is thus quite evident that the entire legislative scheme written into the pertinent provisions of the Juvenile Code was intended to provide to an indigent parent effective representation at all stages of any proceeding involving the termination of that parent's right to his or her child. Considering the permanent jeopardy to the precious rights in issue, we conclude that the right to a paupered transcript under these circumstances is found in the Latin phrase, `in est de jure'."
There are also apparent equal similarities in the Iowa Juvenile Code. In the case of Chambers v. District of DubuqueCounty, 261 Iowa 31, 152 N.W.2d 818 (1967) the Supreme Court of Iowa said as follows:
 "It would be a strange interpretation of Chapter 232 indeed if we should find that the legislature specifically gave plaintiff the right to appeal; that it specifically provided that all proceedings in Juvenile Court should be reported; that it specifically provided for the appointment of counsel for indigent persons, but that it nevertheless refused to permit plaintiff to pursue her statutory right of appeal solely because she was unable to afford a transcript. We are unwilling to so hold." 152 N.W.2d at 821.
This court agrees with the Georgia Supreme Court, that the right of the indigent parents in this case to a free transcript on an appeal given as a matter of right is implied as a matter of law from Article 5, Title 13A of the Code and the Rules of Juvenile Procedure. *Page 575 
We do not accept the contention of the state that the right of the Wards to a free transcript is not available upon appeal to this court. We are familiar with the limitation of the decision in Ross v. Moffitt, supra. The appeal here is not a discretionary one. It is one of right even after trial de novo in circuit court. Title 7, Sec. 754, Code.
We do not hold that an entire free transcript is to be furnished to an indigent parent in every case. Whether an entire transcript is necessary to an effective appellate review, or what portion thereof, is a matter for the trial court to determine after consideration of the issues to be raised on appeal and a declaration of need filed by counsel.Crespo v. Superior Court for County of Los Angeles, supra; Rule 10, ARAP.
It having been made known to this court that one of the issues to be presented upon appeal is the sufficiency of the evidence to support the judgment, we find that a full transcript is necessary to properly present such issue for review. The court therefore directs the Circuit Court of Mobile County to proceed to order such transcript.
MOTION GRANTED.
All Judges concur.