[Civ. No. 43570. First Dist., Div. One. Sept. 14, 1978.]

EDWARD F. GRAZIANO et al., Petitioners, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF
MARIN COUNTY, Respondent;
ROBERT A. McNEIL CORPORATION et al., Real Parties in Interest.

**COUNSEL**

Edward F. Graziano, in pro. per., for Petitioners.

Douglas J. Maloney, County Counsel (Los Angeles), and Allen A. Haim, Chief Deputy County Counsel, for Respondent.

John H. Larson, County Counsel, and David B. Kelsey, Deputy County Counsel, as Amici Curiae on behalf of Respondent.

Ronald D. Schenck for Real Parties in Interest.

**OPINION**

**ELKINGTON, J.**—In this proceeding in mandate we are called upon to determine whether an indigent litigant who obtained judgment in the municipal court is entitled, at public expense, to a transcript of the trial proceedings of that court upon his appeal from an order granting his adversary a new trial.

The issue is not a settled one, for there are wide differences of judicial opinion on the extent to which government should finance such costs of private litigation. Illustrations will be found in the four-to-three divisions of the state's high court in *Jara* v. *Municipal Court* (1978) 21 Cal.3d 181 [145 Cal.Rptr. 847, 578 P.2d 94] and *Payne* v. *Superior Court* (1976) 17 Cal.3d 908 [132 Cal.Rptr. 405, 553 P.2d 565].

There appears to be unanimity that courts have inherent power to, and will, relieve an indigent, *in a proper case,* of such state-imposed charges as filing fees. (See *Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 653 [94 Cal.Rptr. 398, 484 P.2d 70].) But it vanishes when the consideration is the public

assumption of so-called third party charges for such things as reporter's and transcribing costs (see *Ferguson* v. *Keays, supra,* p. 654), or the services of an interpreter (see *Jara* v. *Municipal Court, supra,* 21 Cal.3d 181).

However, judicial agreement seems to return with the consensus that in any event public payment of an indigent's third party charges will not be ordered where alternative measures are reasonably available to him, or the services are not essential to vindication of his constitutional right of full access to the courts. (See *Payne* v. *Superior Court, supra,* 17 Cal.3d 908, 917; *Ortwein* v. *Schwab* (1973) 410 U.S. 656, 658-659 [35 L.Ed.2d 572, 575-576, 93 S.Ct. 1172]; *United States* v. *Kras* (1973) 409 U.S. 434 [34 L.Ed.2d 626, 93 S.Ct. 631]; *Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780]; *Crespo* v. *Superior Court* (1974) 41 Cal.App.3d 115, 119 [115 Cal.Rptr. 681].) Where "the indigent had alternative means to secure the relief sought—means other than resort to the court itself for aid," he will be denied the requested financial assistance. (*Jara* v. *Municipal Court, supra,* 21 Cal.3d 181, 186.) And the right, if such a right exists, of an indigent "to a free transcript on appeal is limited to those cases where a transcript is actually necessary. There are many cases in which a complete reporter's transcript will not be necessary to assure effective appellate review, and an agreed or settled statement or partial reporter's transcript . . . will be adequate. . . . The right to free transcripts should not be abused by profligate demands for unnecessary transcripts." (*Crespo* v. *Superior Court, supra,* 41 Cal.App.3d 115, 119, fn. omitted.)

In the case at bench the superior court's questioned order did not deny Graziano his fundamental right of access to the courts. (See *Payne* v. *Superior Court, supra,* 17 Cal.3d 908.) His appeal was from an order granting a new trial, insuring that he would again have full access to the court regardless of his appeal's outcome. And we observe that Graziano made no effort to secure an agreed or settled statement or partial reporter's transcript. (See Cal. Rules of Court, rules 4, 5, 6 and 7; *Crespo* v. *Superior Court, supra,* 41 Cal.App.3d 115, 119; *Smith* v. *Superior Court* (1974) 41 Cal.App.3d 109, 114 [115 Cal.Rptr. 677].)

Nor did the trial court, in our opinion, abuse its discretion by setting aside, ex parte, an inadvertently entered earlier ex parte order authorizing a free transcript.

We accordingly find no error in the superior court's order denying Graziano a free transcript for use on his appeal.

The peremptory writ of mandate is denied, and the alternative writ heretofore issued is discharged.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied October 6, 1978, and petitioners' application for a hearing by the Supreme Court was denied November 15, 1978.