[Civ. No. 22274. Third Dist. July 28, 1983.]

PAUL MORRIS, as Warden, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
G. DANIEL WALKER, Real Party in Interest.

## COUNSEL

John K. Van de Kamp, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Edmund D. McMurray and Wm. George Prahl, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

G. Daniel Walker, in pro. per., for Real Party in Interest.

## OPINION

**PUGLIA, P. J.**—Real party in interest, G. Daniel Walker, is a state prison inmate who has instituted a civil proceeding in propria persona in superior court challenging aspects of the conditions of his confinement. The issue here is whether in the civil proceeding Walker's pro se status entitles him

to designate his wife as his legal representative under a Department of Corrections rule governing visitation and consultation of attorneys with inmates (Cal. Admin. Code, tit. 15, § 3175; all section references hereafter are to tit. 15, Cal. Admin. Code). We hold that he is not.

Walker is confined in the security housing unit at Folsom Prison. During a two-week period he submitted more than 100 administrative appeals to prison officials. The Department of Corrections (Department) advised Walker by letter he was abusing the prison appeal procedure and that only one such appeal would be processed per week. Walker then filed a civil proceeding in respondent superior court (Sacramento County No. 303436) seeking a writ of mandate to compel the warden, other prison officials and the Department to process all his administrative appeals. In the superior court civil proceeding he applied to have his wife designated as his "legal runner" (representative) pursuant to section 3175, subdivision (g).

The superior court issued an order granting the application. It characterized Walker's lawsuit as "quasi-criminal" in nature and, hence, subject to the rule of *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] which, the court determined, required that he be allowed under section 3175 to designate his wife as a legal representative. The court found that Walker's wife holds a valid Tennessee private investigator's license and has taken courses in "legal assisting or paralegal studies."

In the present petition, the warden and the Department seek a peremptory writ compelling the superior court to vacate its order allowing Walker to designate his wife as his legal representative. They maintain the order is without legal basis and in excess of the court's jurisdiction. We have stayed the order pending our review. We shall order a peremptory writ to issue.

I

■ Section 3175 provides in pertinent part: "Inmates have a constitutional right of access to an attorney. It is the policy of this department to facilitate both correspondence and personal consultation for this purpose.

"(a) Attorney visitation for the purpose of a private consultation with an inmate will be permitted during the institution's regularly scheduled visiting days and hours.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(f) An attorney may designate, by name and in writing, not more than two representatives to interview an inmate or witnesses on behalf of the

attorney. Such designated representatives will be afforded the same accommodation and services as an attorney, providing all other requirements of this section are met.

"(g) Representatives acting in behalf of an inmate's attorney must be one of the following:

"(1) A licensed investigator, licensed by any state.

"(2) A law student certified under state bar rules for practical training of law students, and sponsored by the attorney.

"(3) A legal paraprofessional certified by a state bar or other equivalent legal professional body, and sponsored by the attorney.

"(4) A full-time employee of the attorney.

"(5) A full-time employee of the licensed investigator who has been properly authorized to act on behalf of an attorney.

". . . . . . . . . . . . . . . . . . . . . .

"(j) Staff will not listen to or monitor conversations between an inmate and an attorney or between an inmate and a person authorized to act for an attorney or a licensed investigator. Any and all items including written and printed material that an inmate and an attorney or an attorney's representative wish to exchange during the visit must be presented to the official in charge of visiting for inspection before it is brought into the visiting area. The purpose of this inspection is to insure that contraband items are not enclosed. The inspecting official will not read any part of written or printed material without the expressed consent of the inmate or the attorney or attorney's representative.

". . . . . . . . . . . . . . . . . . . . . .

"(s) The provisions of this section apply to any attorney authorized to practice in this or in any other state."

Section 3175 does not in terms authorize the superior court's order. The preamble recognizes the "constitutional right of access to an attorney," in furtherance of which the stated policy is "to facilitate both correspondence and personal consultation" between inmates and their attorneys. Specifically, section 3175 operates to permit private and flexible visitation by a li-

censed attorney and representatives designated by such an attorney to act on his behalf.

In the superior court civil proceeding Walker represents himself. Quite obviously a legal representative would not serve to facilitate access between Walker and his attorney in the manner contemplated by section 3175. Moreover a representative designated by Walker would not be acting under supervision or on behalf of an attorney "authorized to practice in this or in any other state" (§ 3175, subd. (s)). Section 3175 clearly does not authorize a pro. per. plaintiff to designate a representative entitled to the special status which it accords such persons.

## II

The Sixth Amendment guarantee of the right to assistance of counsel in a criminal trial is of no help to Walker in the present circumstances. In *Faretta* v. *California, supra,* 422 U.S. 806 [45 L.Ed.2d 562], the United States Supreme Court held the Sixth Amendment guarantee also encompasses a right in the accused to conduct his own defense when he voluntarily and intelligently elects to do so. However, the Sixth Amendment right to counsel applies only in the setting of a criminal prosecution; it does not extend to collateral postconviction or civil proceedings. (*Ibid.*; *Wolff* v. *McDonnell* (1974) 418 U.S. 539, 570, 576 [41 L.Ed.2d 935, 959, 962, 94 S.Ct. 2963]; *In re Gary U.* (1982) 136 Cal.App.3d 494, 499 [186 Cal.Rptr. 316]; *Foster* v. *United States* (6th Cir. 1965) 345 F.2d 675, 676; *Turner* v. *Steward* (E.D.Ky. 1980) 497 F.Supp. 557.) The *Faretta* right of self-representation is necessarily coextensive with the Sixth Amendment right to counsel and therefore has no application to Walker's civil proceeding in superior court. There being no right of self-representation, the prerogatives of an inmate who nonetheless elects to act in that capacity are not defined by those which could be exercised by an attorney.[1]

## III

█ It remains to be determined whether the Department's regulation limiting confidential legal visits to attorneys or persons designated by them to act in their behalf is constitutional as applied in these circumstances.

█ Prisoners are guaranteed "adequate, effective, and meaningful" access to the courts as a component of due process under the Fourteenth

---

[1] The record affords no basis to speculate that Walker's choice to represent himself is other than voluntary. We are not informed whether Walker is indigent and if so whether or not free legal representation is available to him.

Amendment. (See *Bounds* v. *Smith* (1977) 430 U.S. 817, 822 [52 L.Ed.2d 72, 79, 97 S.Ct. 1491]; *Procunier* v. *Martinez* (1974) 416 U.S. 396, 419 [40 L.Ed.2d 224, 243, 94 S.Ct. 1800]; *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 914 [132 Cal.Rptr. 405, 553 P.2d 565].) The due process guarantee of access requires that prisoners be afforded the opportunity "to challenge unlawful convictions and to seek redress for violations of their constitutional rights." (*Procunier, supra,* 416 U.S. at p. 419 [40 L.Ed.2d at p. 243]; *Bounds, supra,* 430 U.S. at p. 825 [52 L.Ed.2d at p. 81]; see also generally Cobert & Cohen, Rights of Prisoners (1981) § 2.00-2.14.)[2] For present purposes we shall assume that the subject of Walker's civil mandamus proceeding in respondent court triggers the constitutional requirement.

To determine whether the regulation restricting confidential legal visits violates Walker's constitutional right of adequate, effective, and meaningful access to the courts, we must weigh any impairment of constitutionally protected rights against the state's interest in the policy promoted by the regulation. Absolute preclusion from the judicial forum may well be invalid in the face of less restrictive alternatives. (See *Payne* v. *Superior Court, supra,* 17 Cal.3d at pp. 922-923; see also *Procunier* v. *Martinez, supra,* 416 U.S. at p. 420 [40 L.Ed.2d at p. 244].) On the other hand, a limiting regulation may pass constitutional muster if alternative and reasonable means of access are available (*Graziano* v. *Appellate Department* (1978) 84 Cal.App.3d 799, 801 [149 Cal.Rptr. 40]), particularly where legitimate security risks would otherwise be burdened (*Procunier, supra,* 416 U.S. at p. 420 [40 L.Ed.2d at p. 244]; *In re Price* (1979) 25 Cal.3d 448, 453, 455 [158 Cal.Rptr. 873, 600 P.2d 1330]; see also Pen. Code, § 2600).

In *Procunier* v. *Martinez, supra,* 416 U.S. at pages 419-422 [40 L.Ed.2d at pages 243-245], the United States Supreme Court found unconstitutional a prison regulation imposing an absolute ban on the use by attorneys of paralegals to interview inmate clients, where no legitimate interests of penal administration in the regulation could be identified. The *Procunier* decision, however, left open the question whether the right to utilize paralegals is derivative only of the right of access to an attorney. One case addressing that issue, *Reed* v. *Evans* (S.D.Ga. 1978) 455 F.Supp. 1139, affirmed 592 F.2d 1189, upheld, as justified by security reasons, a rule that paralegals be employed by an attorney in order to interview prison inmates during other than normal visiting hours.

 The Department asserts confidential and unlimited visiting privileges pose a substantial security risk in penal institutions. In dealing with

---

[2]In California, this access right also extends to civil actions, when inmates are haled into court to *defend* their property interests. (*Payne, supra,* 17 Cal.3d 908.)

these concerns the Department indicates it must rely on the ethics and integrity of duly licensed attorneys not only to minimize such problems but also as a reliable basis for according them and persons acting under their supervision the special visitation privileges of section 3175. As the Department points out, the title of "paralegal" is essentially self-conferred because California has no licensing requirements or regulatory standards applicable to legal assistants.[3] If prisoners may designate anyone so styled as their legal representative, confidential visitation would essentially be available at their sole choice to any family members, friends, or associates whom they designate, with concommitant exacerbation of institutional security problems. In evaluating the reasonableness of the regulation, great weight and respect is due the Department's administrative expertise in judging the security risks involved. (See *In re Price, supra,* 25 Cal.3d at p. 455; *Procunier* v. *Martinez, supra,* 416 U.S. at p. 420 [40 L.Ed.2d at p. 244].)

Finally, Walker has not shown he has been denied reasonable access to the courts by virtue of the limited application of the Department's regulation. First, the evident purpose of section 3175 is to facilitate communication and consultation between an inmate and his attorney. It is not intended to supply the inmate litigant a "runner" to act as an emissary between him and the court. Second, as a pro. per. litigant, Walker has avenues available, including the postal service, to present his claims to the court. Indeed, a cursory canvas of the record discloses that in addition to the pleadings, Walker has without let or hindrance filed notices, motions and points and authorities in the superior court civil proceeding.

We conclude Walker's access to the courts is not unreasonably restricted and fully comports with the demands of due process.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of September 23, 1982, and to issue a new order denying Walker's motion to designate his wife as a legal representative. The alternative writ, having served its purpose, is discharged. The stay previously issued is vacated.

Blease, J., and Carr, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied September 29, 1983.

---

[3]With respect to the Tennessee private investigator's license held by Walker's wife, Business and Professions Code section 7520 et seq. prohibits a person from engaging in business as a private investigator in this state without a California license.