THOMAS, Judge.
K.F.W. and J.A.W. ("the paternal great-grandparents") brought an action in the Autauga Juvenile Court ("the juvenile court") seeking to have A.W. ("the child") declared dependent and seeking an award of custody of the child; that action was assigned case number JU-16-141.01. J.W. ("the paternal grandmother") also filed in the juvenile court a dependency petition and a request for an award of custody of the child; that action was assigned case number JU-16-141.02. A.A. ("the mother") sought and was granted in forma pauperis status in both case number JU-16-141.01 and case number JU-16-141.02. In both of those actions, she was represented by appointed counsel. The paternal grandmother withdrew her petition for custody in case number JU-16-141.02, and the juvenile court awarded custody of the child to the paternal great-grandparents in March 2017 in case number JU-16-141.01.
The paternal great-grandparents then instituted an action seeking to terminate the parental rights of the mother to the child, which action was assigned case number JU-16-141.03 ("the termination-of-parental-rights action"). The mother did not file an affidavit of substantial hardship to seek in forma pauperis status in the termination-of-parental-rights action. Despite this fact, the juvenile court appointed counsel for her at the request of the paternal great-grandparents. The mother was later provided private counsel at the expense of a third party, who also arranged for a court reporter to be present to record the trial held in the termination-of-parental-rights action. After the juvenile court entered a judgment terminating her parental rights, the mother filed a notice of appeal to this court; her appeal was assigned appeal number 2160989.
On August 31, 2017, the mother moved the juvenile court to designate a court reporter to transcribe the trial held in the termination-of-parental-rights action. The mother requested that the court reporter who had been present at the trial, April Sargent, be permitted to transcribe the proceedings. The juvenile court granted the mother's motion on September 5, 2017, and entered an order designating Sargent as the person responsible for transcribing the trial held in the termination-of-parental-rights action.
On September 8, 2017, this court sent the mother a deficiency notice in appeal number 2160989 because the docket fee for the mother's appeal had not been paid. Counsel for the mother informed this court by letter that, although the mother had been provided counsel by a third party, she had been proceeding in forma pauperis *378 in the juvenile court. Because we were not provided any proof that the mother had been granted in forma pauperis status by the juvenile court, we ordered the mother to file in the juvenile court a request to proceed in forma pauperis on appeal as required by Rule 24(a), Ala. R. App. P. The mother filed that request in the juvenile court on September 27, 2017. The juvenile court granted the mother's request to proceed in forma pauperis on appeal on October 5, 2017.
On October 6, 2017, the mother filed in the juvenile court a motion seeking a free transcript based on her indigency. In her motion, the mother specifically relied on In re Ward, 351 So.2d 571, 574 (Ala. Civ. App. 1977), which explains that an indigent parent appealing from a juvenile-court judgment is entitled to a free transcript insofar as the transcript is necessary for effective appellate review. On October 9, 2017, the juvenile court set the mother's motion for a free transcript for a hearing to be held on October 11, 2017. That same day, counsel for the mother sought a continuance of the October 11, 2017, hearing, alleging that she had to be present in court in another county on the morning of October 11, 2017, and that two days' notice was not sufficient for counsel to reach the mother and to arrange transportation to the hearing because the mother, who was indigent, did not have a working telephone or transportation readily available.
The juvenile court denied the motion to continue on October 10, 2017, stating:
"MOTION TO CONTINUE is DENIED as this is a Juvenile court matter. Based upon testimony previously provided, the Mother is fully provided for by the Paternal Grandmother therefore she should have the means to travel several miles to the Courthouse to attend a hearing wherein she is requesting this Court find her indigent. If the Mother is now employed or in drug rehabilitation, Mother's counsel may make this Court aware of this new development for consideration.
"All Orders entered since the Notice of Appeal are set aside pending further hearing including designation of Court Reporter and waiver of fees."
(Capitalization and emphasis in original.)
The mother filed this petition for the writ of mandamus on October 10, 2017. She filed with the petition a motion to stay the October 11, 2017, hearing, which this court granted pending resolution of this petition based on the fact that the juvenile court had set a hearing with less than two days' notice to the parties. See Rule 6(d), Ala. R. Civ. P. (indicating generally that a party should be given five days notice of a hearing on a written motion). In her petition, the mother challenges the juvenile court's October 9, 2017, order setting the hearing on the motion for a free transcript with only two days' notice to the mother and the October 10, 2017, order insofar as it set aside the September 5, 2017, order appointing a court reporter and the October 5, 2017, order granting the mother's request to proceed in forma pauperis on appeal. Finally, the mother contends that the juvenile court is required to allow her a free transcript of the termination-of-parental-rights trial.
We begin our review by noting that
"an appellate court will grant a petition for a writ of mandamus only when '(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.' "
Ex parte A.D.W., 192 So.3d 405, 407 (Ala. Civ. App. 2015) (quoting *379 Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) ).
We first consider the mother's argument that the juvenile court's October 10, 2017, order improperly set aside the October 5, 2017, order granting her leave to proceed in forma pauperis on appeal in appeal number 2160989. Leave to proceed in forma pauperis on appeal is governed by Rule 24, which reads, in pertinent part:
"(a) Leave to Proceed In Forma Pauperis From Trial Court to Appellate Court. A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that he or she is entitled to redress, and a statement of the issues which the party intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the trial court shall state in writing the reasons for the denial.
"Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the court in forma pauperis ... may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the trial court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the trial court shall state in writing the reasons for such certification or finding."
The mother, as directed by this court, filed her motion to proceed in forma pauperis on appeal in the juvenile court. The juvenile court granted that motion. At that point, the mother was entitled to "proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor." Rule 24(a). The juvenile court has the power to rescind in forma pauperis status granted in the juvenile court if the juvenile court certifies that an appeal is not taken in good faith or finds some reason that the party should no longer be permitted to proceed in forma pauperis. However, the juvenile court is required to make such a certification or finding, together with the reasons therefore, in writing.
In the present case, the juvenile court granted the mother's request to proceed in forma pauperis on appeal based on the mother's motion. No objection to the mother's motion was made, and the juvenile court has not certified that the mother's appeal was not taken in good faith or otherwise stated in writing any reason why the mother should no longer be permitted to proceed in forma pauperis. Thus, the juvenile court's attempt to rescind the October 5, 2017, order granting the mother's request to proceed in forma pauperis on appeal is ineffective, and, insofar as the October 10, 2017, order purports to do so, we direct that aspect of the order be set aside.
The mother next argues that the juvenile court improperly set aside its September 5, 2017, order designating Sargent to transcribe the trial held in the termination-of-parental-rights action. Although the mother is not entitled to have a particular court reporter appointed to transcribe the trial, she is entitled to have the trial transcribed pursuant to Rule 20, Ala. R. Juv. P.:
"(A) A recording of all juvenile court proceedings shall be kept by stenographic *380 reporting, by mechanical or electronic device, or by some combination thereof, for the purpose of the creation of an official record of the proceedings, except that a recording in a child-support proceeding (designated as a 'CS' case) is not required but is permissible by order of the juvenile court. The audio or stenographic recording shall be preserved until the time for taking an appeal has expired and shall not be released except for the following purposes:
"(1) In the event of an appeal.
"(2) Upon written order of the juvenile court judge, which shall include a specific finding that good cause exists for the creation and release of a transcript of the proceedings.
"(B) Transcription of the record of juvenile court proceedings shall be by a person designated by the juvenile court judge. The transcript shall be certified as directed by the juvenile court or as required by the Alabama Rules of Appellate Procedure.
"(C) In the event of an appeal pursuant to Rule 28(A)(1)[, Ala. R. Juv. P.,] in a case in which the juvenile court proceedings have been recorded by mechanical or electronic devices, the juvenile court judge may request the assistance of the presiding circuit court judge in determining the appropriate person to transcribe the record for purposes of providing a certified record on appeal.
"(D) The person designated to transcribe the juvenile court proceedings shall be entitled to be paid the transcript fees provided in Rule 29, Alabama Rules of Judicial Administration."
The juvenile court's basis for setting aside the order designating Sargent to transcribe the trial held in the termination-of-parental-rights action is not clear from the October 10, 2017, order. No party requested such action, and the order does not indicate that Sargent had failed to perform the transcription. From all that appears in the materials before us, the juvenile court set aside its orders granting the mother's request to proceed in forma pauperis on appeal and designating Sargent to transcribe the trial held in the termination-of-parental-rights action because the mother had sought a continuance of the October 11, 2017, hearing the juvenile court had set on October 9, 2017.
The mother has appealed an order terminating her parental rights. By statute, such appeals are given priority. Ala. Code 1975, § 12-15-323. The juvenile court's decision to set aside the order designating Sargent to transcribe the trial held in the termination-of-parental-rights action can serve only to delay the mother's appeal. Accordingly, the juvenile court is ordered to designate a court reporter to transcribe the trial as soon as practicable. The juvenile court is not required to redesignate Sargent, see Ex parte W.Y., 605 So.2d 1175, 1177 (Ala. 1992) ("Through this remedy, a petitioner may compel only the exercise of judicial discretion; he may not compel a particular result."); however, the juvenile court may certainly do so, especially if judicial economy would be served thereby.
We turn now to the mother's argument that she is entitled to a free transcript because of her indigency. Although we agree that In re Ward, 351 So.2d at 574, supports the mother's contention that she is entitled to a free transcript, we cannot grant her petition, insofar as it seeks such relief. The juvenile court has not yet entered a ruling on the mother's motion requesting a free transcript, and nothing in the materials before us indicate that the juvenile court has refused to rule on the mother's motion. See *381 Ex parte R.S.C., 853 So.2d 228, 234 (Ala. Civ. App. 2002) (declining to grant a petition for the writ of mandamus when the trial court had yet to rule on a pending Rule 60(b), Ala. R. Civ. P., motion); cf. Ex parte Gamble, 709 So.2d 67, 70 (Ala. Civ. App. 1998) (granting a petition for the writ of mandamus when the trial court had refused to rule on a pending Rule 60(b) motion). Thus, the mother is unable to demonstrate that the juvenile court has refused to perform an imperative duty, and the mother's petition regarding this issue is denied as premature.
In light of the issuance of the stay and our resolution of the other issues presented by the mother's petition, we need not address the mother's complaint that the juvenile court erred by setting a hearing with only two days' notice because that issue is moot. The mother's petition is granted insofar as it seeks a writ of mandamus compelling the juvenile court to set aside that portion of its October 10, 2017, order setting aside its October 5, 2017, order granting the mother's request to proceed in forma pauperis on appeal. In addition, the mother's petition is granted insofar as it seeks the designation of a court reporter to transcribe the trial held in the termination-of-parental-rights action, and the juvenile court is directed to enter such an order immediately. The petition is denied in all other respects.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.