[Civ. No. 17998.   First Dist., Div. One.   Oct. 29, 1958.]

IONE A. NOMM, Respondent, v. VOLDEMAR NOMM, Appellant.

Goth & Dennis for Appellant.

No appearance for Respondent.

ST. CLAIR, J. pro tem.*—This is an appeal from an order pendente lite in a divorce action.

The order in question, issued after a hearing on an order to

*Assigned by Chairman of Judicial Council.

show cause, read, in part: "WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant be and he is hereby restrained and enjoined from entering the dwelling house of the parties hereto at 232 Twenty Seventh Avenue, San Mateo, California from and after 5:00 O'clock P. M. of Friday, September 13, 1957 and until the further order of this court."

The action came to trial and an interlocutory decree was entered on March 4, 1958, awarding the house to plaintiff. No appeal has been taken from the interlocutory decree.

The questions presented by this appeal are now moot. ■ An appeal from an injunction pendente lite does not affect the power of the court to hear and decide the case on the merits, even though some of the same issues as were involved in the injunction pendente lite were disposed of by the later judgment. (*Doudell* v. *Shoo,* 159 Cal. 448, 455 [114 P. 579]; *Gray* v. *Bybee,* 60 Cal.App.2d 564, 571 [141 P.2d 32].) The interlocutory decree in this case has awarded the home to plaintiff. An adjudication that the court should not have restrained defendant from entering it between September 13, 1957 and March 4, 1958, the date of the decree, could now have no real consequences. ■ The order being prohibitory in form, but mandatory in its nature, its effect would have been stayed by the appeal. (See *Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174, 177 [114 P.2d 579]; *Smith* v. *Smith,* 18 Cal.2d 462, 465 [116 P.2d 3].) ■ The decree would supersede the restraining order, and defendant would not be entitled to possession now. Any determination of whether he should have been entitled to enter during the six months from September to March would be futile. The question might still have some vitality had an appeal been taken from the interlocutory decree, but no such appeal has been taken, and the time for filing the notice of appeal has now run.

■ Either on the motion of one of the parties (*Mortgage Guar. Co.* v. *Kolkey,* 30 Cal.App.2d 629, 630 [86 P.2d 1073]) or on the court's own motion, appeals may be dismissed as involving only moot questions. (*Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911, 917 [214 P.2d 426]; *County of Los Angeles* v. *Department of Social Welfare,* 114 Cal.App.2d 827 [250 P.2d 716].)

The question being moot, the appeal is dismissed.

Peters, P. J., and Bray, J., concurred.