Filed 1/20/15  Marriage of Mandt CA2/7
Received for posting 3/4/15

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of LAWRENCE and JENNIS MANDT. | B252297 |
| | (Los Angeles County Super. Ct. No. BD561122) |
| LAWRENCE MANDT, | |
| Appellant, | |
| v. | |
| JENNIS MANDT, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Dismissed.

Traylor Law Office and Michael S. Traylor for Appellant.

Jennis Mandt, in pro. per., for Respondent.

―――――――――――――――

Appellant Lawrence Mandt[1] appeals from a domestic violence restraining order issued against him pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.). The order was entered in a marital dissolution action between Lawrence and respondent Jennis Mandt, and enjoined him from any contact with the couple's two minor children except as provided in an accompanying child custody and visitation order. Lawrence challenges the sufficiency of the evidence supporting the restraining order on appeal. However, because the record establishes the restraining order was superseded by a final child custody and visitation order entered as part of a judgment of dissolution between the parties, Lawrence's appeal has been rendered moot.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lawrence and Jennis were married in 2003 and separated in 2012. They have two minor children—a 13-year-old daughter, S.M., and a 10-year-old son, L.M. On March 20, 2012, Lawrence filed a petition for dissolution of the marriage. On August 6, 2013, during the pendency of the dissolution proceedings, the parties stipulated to an interim child custody and visitation order under which Lawrence would have custody of the children from Wednesday evening to Thursday morning and on alternate weekends, and Jennis would have custody at all other times.

On August 9, 2013, Jennis filed a request for a domestic violence restraining order in which she sought to enjoin Lawrence from having any contact with her or the children. In support of her request, Jennis alleged that, on August 7, 2013, while the children were with Lawrence at his home, S.M. sent a series of text messages to Jennis and a friend in which she stated that she was scared of her father and accused him of pushing her, grabbing her wrist, calling her a name, and threatening to "smash" her. Jennis also alleged that Lawrence had a history of being verbally abusive to both her and the children, and that the children were very afraid of him.

---

[1]    As is customary in marital dissolution proceedings, we refer to the parties by their first names for clarity of reference, and not out of disrespect. (*In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 46, fn. 1.)

On August 30, 2013, following a noticed hearing, the trial court issued a domestic violence restraining order against Lawrence. The order enjoined Lawrence from having any contact with S.M. or L.M. for a period of two years except as specified in an attached child custody and visitation order. The attached order granted Jennis sole legal and physical custody of the children, and granted Lawrence visitation with them every Wednesday from 6:00 p.m. to 8:30 p.m. for dinner at a public restaurant. It also allowed for additional visitation upon the written agreement of the parties. The restraining order protected the children only, and did not prohibit contact with Jennis.

On October 29, 2013, Lawrence filed a notice of appeal from the domestic violence restraining order. On November 20, 2013, while the appeal was pending, the trial court entered a stipulated judgment of dissolution. The judgment included a final child custody and visitation order, which provided that Lawrence would have the children every second and fourth weekend from 10:00 a.m. to 6:00 p.m. on Saturday and Sunday, and every Wednesday from 6:00 p.m. to 8:30 p.m. The visits did not need to be in a public setting, and Lawrence was permitted to drive the children and to coach L.M.'s baseball team. The final custody and visitation order also expressly stated that "these orders supersede the restraining order."

On February 26, 2014, following a hearing on Lawrence's request for an order modifying his visitation, the trial court entered a minute order stating that "the restraining order" was modified to allow Lawrence to attend the children's parent-teacher conferences, extra-curricular activities, and sporting events.[2] The minute order also stated that "[a]n amended restraining order is filed this date;" however, the record on appeal did not include a copy of an amended restraining order.

---

[2] The February 26, 2014 minute order incorrectly referred to the domestic violence restraining order as being filed on August 30, 2014 (rather than August 30, 2013), and as applying to Jennis (rather than Lawrence).

# DISCUSSION

On appeal, Lawrence challenges the sufficiency of the evidence supporting the domestic violence restraining order entered on August 30, 2013. Prior to oral argument, we invited the parties to submit supplemental letter briefs addressing whether the appeal should be dismissed as moot in light of the final custody and visitation order entered on November 20, 2103, which by its express terms, superseded the restraining order.

As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions "'"'"upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.'"'"' (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 227.) "'"'"It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'" [Citations.]'" (*Ibid.*; see also *Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454 ["case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief"].)

Subject to certain statutory exceptions, the filing of an appeal "stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order. . . ." (Code Civ. Proc., § 916, subd. (a).)[3] One exception to this rule is set forth in section 917.7, which provides that the filing of an appeal "shall not stay proceedings as to those provisions of a judgment or order which award, change, or otherwise affect the custody, including the right of visitation, of a minor child in any civil action. . . ." (§ 917.7.) An order affecting child custody or visitation is stayed on appeal only if the trial court orders a stay. (§ 917.7 ["the trial court may in its discretion stay execution of these provisions pending review on appeal or for any other period or periods that it may deem

---

[3]     All further statutory references are to the Code of Civil Procedure.

appropriate"]; see also *In re M.M.* (2007) 154 Cal.App.4th 897, 916 [party seeking appellate review of order affecting custody of a child "should first request a stay in the lower court"].) Absent such a stay, the trial court retains jurisdiction to modify any order affecting child custody or visitation during the pendency of an appeal, even where the modification renders the appeal moot. (§ 917.7; *Mancini v. Superior Court* (1964) 230 Cal.App.2d 547, 555-556 (*Mancini*).) As the Court of Appeal observed in *Mancini*, "more than one modification [of a child custody order] might be made pending appeal," and "may render one or more appeals taken from custody orders moot before they are heard." (*Mancini, supra*, at p. 555 [construing predecessor to § 917.7].)

Lawrence filed this appeal from the original domestic violence restraining order entered on August 30, 2013. Because the restraining order directly affected the custody of the children and the right to visitation, the trial court retained jurisdiction under section 917.7 to modify or amend the order pending Lawrence's appeal. On November 20, 2013, during the pendency of the appeal, the trial court entered a judgment of dissolution and final custody and visitation order, which expressly provided that "these orders supersede the restraining order." On February 26, 2014, while the appeal was still pending, the trial court further modified the custody and visitation order at Lawrence's request to allow him to attend the children's school and extra-curricular activities. Although Lawrence appealed from the original restraining order, there is no indication in the record that he filed an appeal from either of these subsequent orders.

We recognized that there is a discrepancy in the terminology used in the trial court's subsequent orders in that the November 20, 2013 order referred to the restraining order as being "superseded," while the February 26, 2014 order stated that the restraining order was "amended."[4] However, in either case, it is clear from the record that the

---

**4**      It appears the trial court may not have been advised of the terms of the final custody and visitation order at the time it entered the February 26, 2014 order. The February 26, 2014 order was not properly deemed an "amended" restraining order because the original restraining order had been superseded as of November 20, 2013 by the final custody and visitation order. Because the propriety of the February 26, 2014 order is not before this court on appeal, we express no opinion as to whether there was a

5

original restraining order from which Lawrence filed this appeal is no longer in effect due to the subsequent orders entered by the trial court during the pendency of the appeal. Because we cannot grant the parties any effective relief in this matter, Lawrence's appeal from the original restraining order is moot and must be dismissed. (*Newell v. Newell* (1956) 46 Cal.2d 861, 850 [wife's appeal from order restraining her from initiating out-of-state child custody proceedings was rendered moot by subsequent California court order awarding parties joint custody of children]; *Nomm v. Nomm* (1958) 164 Cal.App.2d 663, 664 [husband's appeal from restraining order enjoining him from entering parties' house was rendered moot by subsequent interlocutory decree awarding house to wife].)

**DISPOSITION**

The appeal is dismissed. Each party shall bear its own costs on appeal.


ZELON, J.

We concur:


PERLUSS, P. J.


FEUER, J.*

---

sufficient factual basis to support the issuance of a new domestic violence restraining order at the time it was entered by the trial court.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6